## Yerkes, Agent, Appellant, *v.* Richards, Executor.

*Contracts—Mutuality—Married women—Equity.*

Where there are mutual covenants stipulating reciprocal benefits in an executory contract, and where one of the parties who is a married woman, under disability, has performed her part of the contract, equity will compel performance on the part of the other.

*Option to buy land—Married women.*

An agreement by which the owner of land gives to another the right to buy the land on or before a certain day, and declares that if the option is not exercised there shall be no right of action against the person to whom the option is given, does not lack mutuality in the sense of equality of benefit. Nor where such a contract is signed by the grantor alone and the person in whose favor the option is made is a married woman, is there any want of mutuality in the remedy.

*Parties to action—Agent—Amendment—Reversal with new venire.*

Where the Supreme Court reverses a judgment with a new venire, it is immaterial whether the action brought in the name of an agent is in proper form, as the record can be amended in the court below.

*Assignment of error—Exception to judgment of nonsuit.*

An objection to an assignment of error, that no exception was taken to the judgment of the court refusing to take off nonsuit, will not be noticed where the exception in form has been filed since the record was made up in the common pleas.

Argued Feb. 2, 1893. Appeal, No. 140, Jan. T., 1893, by plaintiff, William H. Yerkes, agent for Emily Irene Yerkes, from judgment of C. P. Montgomery Co., March T., 1891, No. 63, entering compulsory nonsuit in favor of defendant, Wm. W. Richards, Executor of John Richards, deceased. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.

Assumpsit to recover damages for breach of contract for sale of land, brought by "William H. Yerkes, agent for Emily Irene Yerkes."

The agreement was as follows:

"Articles of Agreement, made the fourteenth day of July, in the year of our Lord one thousand eight hundred and ninety, between William W. Richards, executor of the estate of John Richards, Chester Co., Pa., and William H. Yerkes agent, of Norristown, Montgomery County, Pa., of the other part as follows to wit: The said party of the first part, for the consideration hereinafter mentioned, doth for himself, his heirs, executors,

and administrators, covenant, promise, grant and agree, to and with the said party of the second part, his heirs and assigns, by these present, that he, the said party of the first part, shall and will, on or before January 1st, 1891, at the proper costs and charges of the said party of the second part, his heirs and assigns, by such deed of conveyance as he or they, or his or their counsel, learned in law, shall advise, well and sufficiently grant, convey and assure unto the said party of the second part, his heirs and assigns in fee simple, clear of all incumbrances, All that certain tract of land in Upper Merion township, Montgomery county, Pa., near Henderson station, between the Abram Road and the Gulf Road, containing 45½ acres, more or less, together with all and singular the buildings, improvements, and other the premises hereby demised with the appurtenances. In consideration whereof, the said party of the second part, for himself, his heirs, executors, and administrators doth covenant, promise and agree, to and with the said party of the first part, his heirs and assigns, by these presents, that he, the said party of the second part, his heirs, executors and administrators, or some of them, shall and will well and truly pay or cause to be paid, unto the said party of the first part, his executors or assigns, the sum of five thousand and four hundred dollars, as follows : Twenty-nine hundred dollars when title is given, and the balance, twenty-five hundred dollars, can remain one year at 5 per cent. Provided however, and it is hereby expressly understood and agreed that this contract shall be null and void and of none effect as to either party the same as if the said contract had never been made if the said purchase money shall not be paid on or before Jan. 1st, 1891.

"In witness whereof the said party to these presents have hereunto set their hands and seals, dated the day and year first above written.

"WM. W. RICHARDS EXR.   [SEAL]

"WILLIAM H. YERKES AGT.   [SEAL]

"Sealed and delivered in the presence of

"FRANK S. HUGHES "

The facts and assignments of error appear by the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off, Feb. 23, 1892, in an opinion by WEAND, J.

Plaintiff appealed Dec. 3, 1892, and after the record was made up, filed an exception to the refusal of the court below to take off the judgment of nonsuit.

*Joseph Mellors, J. P. Hale Jenkins* with him, for appellant, cited: Bauck v. Swan, 146 Pa. 444; Emmerson v. Heelis, 2 Taunton, 38; Lawrence v. Taylor, 5 Hill, 107; Long v. Hartwell, 34 N. J. 116; Smith v. Fleck, 69 Pa. 474; Briggs v. Partridge, 64 N. Y. 357.

*N. H. Larzelere, M. M. Gibson* with him, for appellee, cited: Glidden v. Strupler, 52 Pa. 400; Kirk v. Clark, 59 Pa. 479; Kirkland v. Hepselgefser, 2 Gr., Pa. 84; Rumfelt v. Clemens, 46 Pa. 455; Innis v. Templeton, 95 Pa. 262; Bauck v. Swan, 146 Pa. 444; Bellas v. Hays, 5 S. & R. 427; Heffernan v. Adams, 7 Watts, 121; Devinney v. Reynolds, 1 W. & S. 332; Hopkins v. Mehaffy, 11 S. & R. 128; Frazer v. Shelley's Exr., 6 Phila. 429; Randall v. Van Vechten, 19 Johns. 63; White v. Skinner, 13 Johns. 307; Townsend v. Hubbard & Orcutt, 4 Hill, N. Y. 351; Clark v. Courtney, 5 Peters, U. S. 319.

OPINION BY MR. JUSTICE DEAN, March 27, 1893:

On the fourteenth of July, 1890, the defendant, William W. Richards, and William H. Yerkes, agent, made an agreement known as an "option" for the purchase of a tract of 45.5 acres of land in Upper Merion township, Montgomery county.

Richards covenanted to convey to Yerkes, agent, or his assigns, on or before the 1st day of January, 1891, the tract of land. Yerkes, agent, covenanted to pay therefor the sum of five thousand four hundred dollars ($5,400), twenty-nine hundred dollars on delivery of deed, and the balance, twenty-five hundred dollars, in one year, with interest at five per cent. Then follows the optional clause in these words:

"Provided, however, and it is hereby expressly understood and agreed, that this contract shall be null and void and of none effect as to either party, the same as if the said contract had never been made, if the said purchase money shall not be paid on or before January 1, 1891."

The agreement was sealed by William W. Richards, executor, and William H. Yerkes, agent, and delivered to Yerkes.

On the 9th of September, 1890, Yerkes made a legal tender to Richards of the whole consideration, five thousand four hun-

dred dollars, and requested a conveyance.  Richards refused to accept the money, or to execute a deed for the land, and sold and conveyed it to one Samuel Moore, it is alleged, at a higher price.  Thereupon Yerkes, naming himself as agent for Emily Irene Yerkes, brought this suit to recover damages for breach of the contract to convey.

The plaintiff, in his statement of claim under the procedure act of 1887, sets out in full: (1) The articles of agreement. (2) Willingness and offer to pay, and the tender of September 9, 1890.  (3) Refusal of defendant to receive the money and execute conveyance.  (4) That defendant, for purpose of obtaining greater price, had sold and conveyed the land to one Samuel Moore.  (5) An averment that by reason of this breach of contract, plaintiff had sustained damage in amount of twenty thousand dollars.

To this statement defendant pleaded non assumpsit, and also filed affidavit of defence, and on the issue thus made up they went to trial before court and jury.

The plaintiff's first and only witness was William H. Yerkes, who testified, among other matters, that he purchased the property as agent for his wife, Emily Irene Yerkes; then an offer was made of the agreement.  To this offer the defendant objected on the ground of want of mutuality between the parties, and because no right of action had been shown in Emily Irene Yerkes.  The court sustained the objection, and also ruled out any evidence of the breach of contract by defendant or of damages sustained by plaintiff, and entered a compulsory nonsuit.  Plaintiff afterward moved to take off the nonsuit; this the court, in an opinion filed, refused to do.  Thereupon the plaintiff took this writ, assigning for error : (1) The rejection of the agreement.  (2) the refusal of the court to take off the nonsuit.

The action of the court in each instance was based on the ground of want of mutuality in the contract.  It was assumed that as the plaintiff, William H. Yerkes, had executed a sealed contract as agent, without disclosing his principal, Emily Irene Yerkes, in the instrument, and without showing authority to bind her a feme covert by deed, she was not bound ; therefore, as the contract was not mutually obligatory, it could not

be enforced against the grantor, Richards. We are of opinion this equitable rule has no application here. Where there are mutual covenants stipulating reciprocal benefits in an executory contract, yet the contract as to one is not enforceable because of infancy, coverture or other disability to contract, equity will not enforce it against the other. Even in such cases, however, where the one under legal disability has performed, equity will compel performance on part of the other: Walker v. Coover, 65 Pa. 430. Here, it was alleged, Mrs. Yerkes had performed her part of the contract, or had done what equity deems equivalent, offered to perform, had made a legal tender of the full amount of purchase money.

But, leaving out of view this question, we think there was no want of mutuality in this contract, either because of defective execution, or because Emily Irene Yerkes was covert, which would prevent plaintiff's suit on it. The contract was a written option to William H. Yerkes, agent, to purchase the land at the price of $5,400, to be paid on or before the 1st day of January, 1891. An option is an unaccepted offer to sell. By the express terms of this contract, there was to be no right of action against either the agent or principal. Nor was it for that reason a hard or unconscionable bargain which it was against equity to enforce, for it was just such an option, or offer to sell, as a prudent landowner may and often does make for his own advantage. In such a contract, if the optional price be an adequate one, and the party to whom the offer is made be without ready money, yet have the tact and energy to secure a purchaser at a higher figure, both are the gainers. If the offer be not accepted by the party to whom it is made within the time stipulated, the owner has lost nothing. But even if not mutual, in the sense of equality of benefit, that is not the mutuality which stands in the way of an enforcement; to bring it under this rule there must be want of mutuality in the remedy. Here, the contract was signed by the grantor, the party to be charged; admit there was no sufficient authority in the agent, the signature of the other party was wholly unnecessary and in no way helped to perfect the contract; it was signed by the party to be charged and delivered to the other. The plaintiff would have been in no better position if full authority had

been given the agent to execute it, and he had sealed it in name of the principal; for by the express terms of the contract only Richards was to be bound. He made a written offer to Yerkes, agent, to sell to him or his assigns, and stipulated the offer was to remain open to him for acceptance until the 1st of January following. The only mode of signifying acceptance was payment of the $5,400 purchase money. If not paid within time, the option ended, the offer was withdrawn. Of what remedy was he deprived by reason of insufficient authority in the agent, or of disability to contract in Mrs. Yerkes? Clearly, none. As by his own contract he acquired no right to vindicate, neither absence of authority to the agent, nor coverture of the principal, could bar him of a suit on the contract, when he, in effect, stipulated he would never bring one. His refusal to accept the only benefit he was to get under the contract, the money, and which he covenanted to accept if tendered while the offer was pending, that moment gave the other party a right of action, not because she was bound, but because he was. His refusal to accept was wholly in disregard of her legal right to pay, and has very much the appearance of unfair dealing.

This whole subject, of the nature of the mutuality between the parties in options for the sale of land, is so fully discussed in Corson v. Mulvany, 49 Pa. 88, followed in Smith's Appeal, 69 Pa. 474, and now followed in this decision, that further repetition would serve no good purpose.

We decide that plaintiff's 1st and 2d assignments of error are sustained.

As to the form of the action objected to by defendant, it is immaterial in the present condition of the record. If the evidence had been admitted, and it had been shown that the offer was in fact to Mrs. Yerkes through her agent, and had been accepted by her, the legal plaintiff should have been Emily Irene Yerkes, and her right to amend so as to have the record accord with the proof could not have been denied. If William H. Yerkes acted without her authority, either precedent, or subsequent by ratification, then he had a right of action in his own name. This can only be determined when the court has before it plaintiff's full case on all the material evidence to be offered.

The assignment of error, that no exception was taken to judgment of court, refusing to take off nonsuit, has not been noticed, because the exception in form has been filed since the record was made up in common pleas.

The judgment of the court below refusing to take off nonsuit is reversed, and procedendo is awarded.