## Stratford *v.* Lukens, Appellant.

*Appeals—Assignments of error—Insufficient assignments.*

1. An assignment of error is insufficient which merely avers that "the court erred in not determining in limine the question raised by the eighth paragraph of defendant's answer," without stating the question raised, or quoting the paragraph, or referring to where the paragraph might be found.

2. An assignment of error is insufficient which sets forth a short final decree adopting and confirming a prior decree for specific performance, but does not incorporate in the assignment the prior decree.

*Equity—Specific performance—Refusal of wife to join in deed in limine—Act of June 7, 1907, P. L. 440.*

3. In the refusal of the wife of the defendant in a bill for specific performance to join in a deed is no defense, especially where the plaintiff is willing to accept a deed from the defendant without the latter's wife joining therein.

4. An objection that a paper relied upon for specific performance should be passed upon in limine by the court below, will not be considered by the appellate court where there is nothing to show that the question was raised below either by demurrer or answer as provided by the Act of June 7, 1907, P. L. 440.

Argued Oct. 30, 1912. Appeal, No. 50, Oct. T., 1912, by defendant, from decree of C. P. Huntingdon Co., May T., 1911, No. 172, on bill in equity in case of Thomas F. Stratford v. Harry L. Lukens. Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ. Affirmed.

Bill in equity for specific performance. Before Woods, P. J.

The opinion of the Superior Court states the case.

*Errors assigned* were (1, 2), quoted in full in the opinion of the Superior Court.

*Harry W. Petriken,* for appellant.

*Thos. F. Bailey,* with him *H. K. Shaffer,* for appellee.

Opinion by Morrison, J., February 27, 1913:

The plaintiff, Thomas F. Stratford, filed his bill in equity to enforce the specific performance of a written option to purchase real estate, executed and delivered by the defendant, Harry L. Lukens, to said plaintiff on January 9, 1911, in the following form: "Jan. 9, '11. I, Harry L. Lukens, do hereby give to Thomas F. Stratford, the privilege to purchase at any time within the next 30 days ending Febr. 9, '11, that piece of property on the south side of Shirley St., at present occupied by the

Nickleodeon and extending 160 back with 25 ft. frontage, purchase sum to be 1500 dollars.. Harry L. Lukens. Witness: Blanche Lukens, F. Stratford.    Received of Thomas F. Stratford the sum of $1.00 on payment of this option."

The defendant admitted the receipt from the plaintiff of the $1.00 above mentioned, and it is a conceded fact that the dollar was paid to the defendant at the time he executed and delivered the option.   On February 6, 1911, the plaintiff caused written notice to be served on the defendant that the plaintiff elected to purchase the property described in the option and that he was ready to pay the said sum of $1,500 on receipt of a proper deed for the land.   The plaintiff offered several times during the life of the option to pay the defendant the purchase money of $1,500 for a deed of the land, and on February 9, 1911, he made a formal legal tender of the full amount of said purchase money to the defendant and demanded a deed conveying the land, but the defendant refused to comply with the terms of the option and refused to execute and deliver to the plaintiff a deed in accordance therewith.

No question was raised as to the writing sufficiently describing the land and fixing the time of payment and amount of the purchase money.   We think when the defendant executed and delivered the written option of January 9, 1911, granting the plaintiff thirty days within which to decide whether or not he would purchase the land, described in the writing, for the price named therein,. and accepted the sum of $1.00 as payment on the option, which was certainly a good consideration, and this was followed by notices that the plaintiff elected to purchase the property and by a legal tender of the purchase money, and all this within the time limited in the option, it was too late when the bill was filed for the defendant to successfully plead the want of mutuality in the option contract: Yerkes v. Richards, 153 Pa. 646; Corson v. Mulvany, 49 Pa. 88.

The learned judge below heard the case on bill, answer

and replication and he admitted all of the testimony offered by the respective parties, found the facts and his conclusions of law, and, on February 3, 1912, prepared a formal decree directing specific performance, which decree was filed on February 5, 1912, but the defendant was permitted, under the equity rules, to file exceptions, but he did not except to any of the findings of fact by the learned judge below. Afterwards, upon argument and consideration, the judge overruled the exceptions, which raised legal questions only, and filed the final decree which is assigned for error in assignment No. 2 in this appeal.

The first assignment of error is: "The court erred in not determining in limine the question raised by the eighth paragraph of defendant's answer." We consider this a bad assignment in that it does not state the question raised by said paragraph of defendant's answer. Nor does the assignment even state where said paragraph may be found. But the more serious defect in it is that it does not quote from said paragraph of the answer the portion thereof to which the assignment is intended to refer. Instead of the eighth paragraph raising a single question, as stated in the assignment, it contains three distinct questions, to wit: 1. "That the paper called an option was obtained from defendant by false and fraudulent representations by the plaintiff." 2. "That the said paper is not such a paper writing as would give a court of equity jurisdiction to enforce specific performance thereof." 3. "That the paper set forth in the plaintiff's bill is entirely and wholly without consideration." It will thus be seen at a glance that the first assignment leaves us in the dark as to which of the three distinct propositions contained in paragraph eight of the answer the assignment refers when it reads, "the question raised by the eighth paragraph of defendants answer." We, therefore, hold that the first assignment is so defective that the appellant is not entitled to have it considered.

The second, and only remaining assignment of error, is little, if any, better. It is simply a recital of the final

decree, to wit: "Now, this 4th day of March A. D. 1912, this case having come on to be heard upon exceptions filed by the defendant to the court's decree of February 3, 1912, and upon argument of counsel and due consideration of said exceptions, the said exceptions are hereby over-ruled and dismissed and the said decree of February 3, 1912, is hereby confirmed absolutely; to which defendant excepts and bill of exceptions is hereby sealed for the defendant. J. M. Woods, P. J. [Seal]." This decree only dismisses the exceptions and confirms the decree of February 3, 1912, which is the decree directing that defendant must specifically perform under the option contract by conveying the land therein described to the plaintiff, on the payment by him, to the defendant, of the sum of $1,500 within the time stated in said decree, but that decree is not set forth in the assignment of error, nor is the substance thereof stated, nor are we referred by the assignment to where said decree may be found. We consider both of the assignments of error fatally defective and they might well be rejected and the decree affirmed. But we have carefully considered the case on its merits and find no ground for reversal of the decree. 1. The learned judge refused to find that the option of January 9, 1911, was obtained by false and fraudulent representations, made by the plaintiff to the defendant, and to this finding of fact there is no exception, and, therefore, that ground of complaint falls out of the case. 2. It is argued by appellant's learned counsel that the defendant's wife will not join with him in conveying the land in question, and, therefore, he cannot be compelled to comply with his contract. A sufficient answer to this contention is that the bill is only against the defendant and the plaintiff did not ask for and did not secure a de-cree against the wife. All that is required is for the defendant to convey the land without his wife joining in the deed. We here remark that at the trial the plaintiff distinctly testified that he was entirely willing to accept a deed from the defendant without his wife joining therein.

We hold that he is entitled to such a conveyance from the defendant: Riesz's App., 73 Pa. 485; Burk's App., 75 Pa. 141; Hughes v. Antill, 23 Pa. Superior Ct. 290. The final decree which adopts and confirms the decree filed February 5, 1912, only requires the defendant, Harry L. Lukens, to make, execute and deliver to the plaintiff, Thomas F. Stratford, his deed, etc. 3. Appellant's counsel further argue that whether or not the paper relied upon for the decree of specific performance was such a paper as to give the court jurisdiction should have been passed upon in limine before a hearing of the case upon the merits under the provisions of the Act of June 7, 1907, P. L. 440. To this argument it is sufficient to say that the defendant's counsel did not sufficiently raise that question either by demurrer or answer as provided by said act. We discover nothing in the manner of the trial of the case which required the court to determine in limine the question suggested by the counsel.

Upon the main question as to the sufficiency of the written option in this case and the facts found by the learned judge below to sustain the decree for specific performance, we cite: Corson v. Mulvany, 49 Pa. 88; Childs v. Gillespie, 147 Pa. 173; Yerkes v. Richards, 153 Pa. 646; Same v. Same, 170 Pa. 346; Borie et al. v. Satterthwaite, 180 Pa. 542; Corbet v. Fuel Supply Co., 21 Pa. Superior Ct. 80.

Both assignments of error are dismissed and the decree is affirmed at the cost of the appellant.