ISABELLE M. HEADLEY, JOINED BY HER HUSBAND, GEORGE T. HEADLEY, *Appellants*, v. LAMBERTUS WARMOLTS, *Appellee*.

Division B.

Opinion Filed November 22, 1926.

1. It is apparent from the allegations of the Bill of Complaint that one of the parties to the correspondence, the complainant in this suit, was under the disability of coverture and therefore that she was without the capacity to bind herself to the performance of an executory contract.

2. Parties assuming to contract with persons who are under such disability are not in equity required to specifically perform the contract on their part and for this reason, if for no other, the Bill of Complaint should have been dismissed.

An Appeal from the Circuit Court for Polk County; H. C. Petteway, Judge.

Affirmed.

*J. W. Brady,* for Appellants.

*Huffaker & Edwards,* for Appellee.

PER CURIAM.—In this case Isabelle M. Headley, joined by her husband, George T. Headley, filed a Bill of Complaint in the Circuit Court praying for a decree of specific performance against the Appellee upon an alleged executory contract wherein and whereby it was alleged that by and through certain correspondence a contract had been entered into by which the respondent had agreed to sell to the complainant and the complainant had agreed to purchase certain real estate.

A demurrer was filed to the Bill of Complaint, which demurrer was sustained and the bill was dismissed. It is not necessary here to determine whether or not the correspondence between the parties was such as would have constituted an enforceable contract, had it been made between persons legally competent to enter into contractural relations. It is apparent from the allegations of the Bill of Complaint that one of the parties to the correspondence, the complainant in this suit, was under the disability of coverture and therefore that she was without the capacity to bind herself to the performance of an executory contract. Parties assuming to contract with persons who are under such disability are not in equity bound to perform the contract on their part and for this reason, if for no other, the Bill of Complaint should have been dismissed. (Gautier et al. v. Bradway, 87 Fla., 193; 99 Sou., 879). The order of the Chancellor is therefore affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.