EVA C. HOLDER, joined by her husband, J. F. HOLDER, *Appellants*, v. WEST FLORIDA DEVELOPMENT & INVESTMENT COMPANY, a corporation, FRANK H. FARNHAM, as Trustee in Bankruptcy of said corporation, and THE CITIZENS & PEOPLES NATIONAL BANK, of Pensacola, Florida, a National Banking Association, *Appellees*.

137 So. 691.

137 So. 271.

Division A.

Opinion filed November 12, 1931.

Petition for rehearing denied January 6, 1932.

488

*F. W. Marsh,* for Appellant;
*Watson & Pascoe & Brown,* for Appellees.

BUFORD, C.J.—In this case the appeal is from an order sustaining demurrer to an amended bill of complaint and dismissing the bill. The bill of complaint was brought by a married woman, joined by her husband, to compel specific performance of a land sales contract entered into between herself, without being joined by her husband, of the

one part, and West Florida Development & Investment Company, a corporation, of the other part.

It appears from the bill of complaint that West Florida Development & Investment Company, a corporation, which we will hereafter term the seller, contracted to purchase certain lands in Escambia County to be developed into a residential subdivision; that thereupon it entered into a trust agreement with the Citizens & Peoples National Bank of Pensacola, Florida, whereby the Bank was to take title as trustee to the property sought to be purchased and was to receive certain funds from the sale of the unit certificates to be issued and sold by the land company, the beneficial owner, and also certain funds from the sale of lands with which funds the trustee was to pay the balance of the purchase price of the lands and otherwise disburse the funds. It was specifically provided in that contract, as follows:

"The Company reserves and shall have the right in its own name and at its own expense, and not in any sense as the Agent of the Trustee so as to subject the Trustee, either in its own right or as Trustee, to any liability for any acts, wrongs or default of the Company or its Agents (save only the duty of the Trustee as such to make conveyances of parcels of said Brentwood Park Properties upon the payment to the Trustee of the purchase price therefor, fixed in the manner hereinafter provided) to enter upon said Brentwood Park Properties and to plat, sub-divide, lay-out and improve the same by opening, conditioning and maintaining parks, streets and ways therein, and providing lighting, sewerage and water supply systems therefor, and erecting apartment houses, hotels and other buildings of like or different kind on such parts of the property as the Company may from time to time determine to be proper, for which, together with the actual cost of premiums for any fire insurance effected and maintained by it during construction of any buildings it shall be entitled to be reimbursed from funds of the trust, only, however, upon vouchers and proofs as hereinafter provided. The Company also reserves and shall have the right in its

own name and in no sense as agent of or for the Trustee, to find bona fide purchasers for and sell off said lands as rapidly as possible in lots and/or blocks, and at prices fixed in the manner hereafter provided, which sales shall be in accordance with a plat of the subdivision of the said Brentwood Park Properties first made, approved and recorded in accordance with the provisions of chapter 10275, Laws of Florida, Acts of 1925. The Trustee hereunder shall have the right by appropriate instrument or instruments and in such form as its counsel deems proper and advisable for the purpose, to dedicate to public use the streets and ways and parks as delineated upon such plat of the subdivision of the said property, which plat of the sub-division of the said property is not to be effective or binding upon the Trustee unless and until it shall have been first submitted to the Trustee and approved by it by written endorsement thereon, and its consent obtained to the filing thereof. Contracts for the sale of lots and parcels of the said lands shall be in such form as shall be acceptable to and approved by the Trustee, and particularly shall be in such form as shall make reference to the fact that the Trustee holds the title to the said property, as Trustee with power to convey and not in its own right. The said form of contract shall require the purchaser to make all payments for the parcels of land bargained for to the Trustee, and the Trustee shall be and hereby is authorized as and when the full purchase price for any tract or parcel of land contracted for has been paid to it by or for any purchaser under contract made with the Company, to convey to such purchaser the lands bought and paid for by him by deed of bargain and sale with or without special warranty; but the Trustee shall have the right in its discretion, and when such part of the purchase price has been paid to it as it regards as adequate, to make such conveyance to the purchaser upon being secured by mortgage for the deferred payments, with such interest as the Trustee deems it reasonably proper to require, but in no event to be less than seven (7%) per cent. per annum on deferred payments secured by mortgage. Where the Company effects sales under contracts providing for payments in installments, the terms of each contract

shall be such that the buyer shall be bound fully to pay for the land covered thereby within a period to be expressed in the contract, which period shall in no event extend beyond thirty (30) months from the first day of January, 1926, each contract to be so framed that time shall be of the essence thereof and the purchaser be thereby bound to pay not less than twenty-five (25%) per cent of the contract price in cash. Each of such contracts shall be so framed as to require the deferred payments to be made to the Trustee, at its banking house in Pensacola, Florida, all of which payments made to it the Trustee shall dispose of as herein provided. Each and every of such contracts made by the Company shall be on a printed form approved by the Trustee and contain such stipulations and provisions as the Trustee deems it advisable to require, and shall by the Company be forthwith after its execution lodged with the Trustee to be held and disposed of by it as in this instrument provided.''

It will be observed from the contents of this contract that West Florida Development & Investment Company undertook the entire matter of sale of the property in its own name and at its own expense and not in any sense as Agent of the Trustee, and reserved the right in its own name and in no sense as Agent of the Trustee, to find bona fide purchasers for and sell off the lands.

The contract between Mrs. Holder and West Florida Development & Investment Company did not purport in any way to bind the Trustee to the performance of the obligations therein undertaken on the part of the seller. That contract put the purchaser on notice as to the trust agreement existing between the seller and the Bank. The liability of the Trustee was fixed by the endorsement on the contract in the following language:

"The Citizens & Peoples National Bank of Pensacola, Florida, as Trustee under the Trust Agreement of December 16, 1925, recorded at page 1, et seq., of Deed Book 114 of the Records of Escambia County, Florida, hereby agrees that upon the purchaser under the foregoing agreement making or causing payment to the

Trustee at its banking house in Pensacola, Florida, of all sums of money required by said foregoing agreement to be paid for the purchase money of the property herein mentioned, both cash and deferred payments, together with interest on deferred payments as evidenced by the promissory notes therein mentioned, and together with any sums (and interest thereon) the Trustee may have paid out for Taxes, assessments and governmental charges which the purchaser under the said agreement is obligated to pay, and upon the purchaser having otherwise complied with his or her agreements therein, the Trustee will make conveyance to said purchaser of the property involved in the said foregoing agreement by deed of bargain and sale, embodying the restrictions mentioned in paragraph 3 of said foregoing agreement of sale.

This consent and agreement is made upon the distinct condition that the Trustee shall never be liable for the Acts, wrongs or default of either party to the said foregoing agreement or of their agents or representatives.

IN WITNESS WHEREOF, the Trustee has caused this undertaking to be executed in its corporate name and its corporate seal to be hereto affixed on this the 13th day of May, 1926.''

This endorsement is made a part of the contract, as shown by the bill of complaint. The bill prayed for specific performance in that the Trustee be required to convey the lands described to the complainant and for an abatement in the purchase price because of the failure of the seller to make improvements as contracted for in the agreement of purchase and sale. The bill showed upon its face that the full purchase price named in the contract had not been paid.

The demurrer was interposed by Citizens & Peoples National Bank. It was a general demurrer, though addressed to certain alleged infirmities of the bill. The bill was defective though it contained some elements of equity and, therefore, might have been amended.

If the allegations of the bill of complaint are true the complainant has paid all and more than in equity and

good conscience she should be required to pay for the property purchased. If the defendant land company has failed and refused to carry out its contract and to enhance the value of the lands by improvements, the agreement to make which was a part of the consideration moving to the plaintiff for her contract to pay the amount of the purchase, and has thereby deprived the plaintiff of that value which the defendant land company agreed to deliver to plaintiff, then the plaintiff is entitled to an abatement in price equivalent to the difference in the value of the land in the condition in which it was left by defendant land company and the value of the land as it would have been with improvements thereto contracted by the defendant land company to be accomplished and furnished therewith. If after deducting the abatement in price which would flow to the plaintiff because of the defendant land company having failed to carry out its contract, it should appear that she has already paid without default all or more than the balance of the purchase price which the land company was and is entitled to receive from her, under the holdings of this Court as enunciated by Lenoir vs. McDaniel, 80 Fla. 500, 86 Sou. 435, the complainant would be entitled to the delivery of a deed by the Bank Trustees conveying the fee simple title to the lands involved to the defendant.

If, after deducting the abatement in price which might flow to the complainant, as hereinbefore stated, it is found that she has more than paid the full balance due to be paid by her she should have a decree against the land company for such difference. Under the contract, however, the complainant can not recover from the Bank Trustee any sum of money whatsoever which she may have paid to the land company over and above the amount that the land company was entitled to receive for the land after deduction of abatement in price because of the conditions above mentioned.

The right of the complainant in this case to specific performance by the Bank Trustee in the conveying of the title to the complainant is dependent upon facts which must be determined upon proper pleadings and proof. That is, whether or not under all the facts and circumstances she has paid to the land company all or more than she should have been required to pay under the terms of the contract and in the conduct of the parties in performance of the contract and if it be found that she has paid in full all that she should be required to pay under the terms of the contract in connection with the conduct of the parties then, although she is a feme covert she will be entitled to specific performance under the rule stated in Lenoir vs. McDaniel, supra, wherein it was said;

"In a case where a contract containing mutual covenants is not enforceable as against one of the parties by reason of some disability, yet such party performs all the obligations on his part to be performed, the objection of lack of mutuality does not lie."

If, however, it should appear that the complainant defaulted in her payments under the terms of the contract before there was any default upon the part of the land company to carry out and perform its part of the contract, then the complainant would be entitled to no relief because of the rule as stated in Gautier vs. Bradway, 87 Fla. 193, 99 Sou. 879, wherein it was said:

"Mrs. Gautier, the appellant and one of the parties to the contract which is sought to be enforced, was a married woman under coverture, and the contract was executory with mutual agreements. The law seems to be well settled that an executory contract containing mutual agreements which cannot be enforced against one of the parties because of infancy, coverture or other disability, will not be enforced against the other party. Where married women under coverture and infants have not the capacity to bind themselves to the performance of an executory contract, parties assuming to contract with them are not in equity bound to perform the contract on their part. Lewis v. Yale, 4 Fla.

418; Fry v. Hawley, 4 Fla. 258, text 280; Yerkes v. Richards, 153 Pa. St. 646, 26 Atl. Rep. 221; Richards v. Doyle, 36 Ohio St. 37; Ashberry v. Mitchell, 121 Va. 276, 93 S. E. Rep. 638; 25 R. C. L. 234; 5 Pomeroy's Eq. Jur. Par. 2191, 2192.

The decisions have materially relaxed and made many exceptions to the rule as here stated. We have examined the exceptions carefully, but it is not made to appear that appellant has brought herself within any of them; or, as stated from another angle, it is further not made to appear that there was ever a time during the history of this transaction up to the date of the final decree herein that appellee could have gone into a court of equity and enforced specific performance on the part of the appellant. Mutuality of terms and considerations not appearing to exist between the parties, specific performance should not be decreed. There was no complete performance by Mrs. Gautier of her part of the executory contract." See also Hadley vs. Warmolts, 92 Fla. 929, 118 Sou. 252, and Fisher vs. Parker, 93 Fla. 258, 112 Sou. 62.

In other words, a married woman being under disability of coverture and being a party to an executory contract containing mutual agreements cannot enforce the contract against the other party unless she shall have performed and executed her part of the contract as far as the terms and conditions thereof required her to perform.

If a married woman under disabilities of coverture being a party to an executory contract defaults in the performance of that contract before the other party makes default, such other party has no recourse against such married woman for specific performance because of such disabilities and, therefore, being in default she can not require the performance of the contract by the other party thereto.

The bill of complaint shows that the contract was entered into on the 6th day of May, 1926, and that the complainant made a cash payment then of $450.00 and paid an installment of $130.00 each on the 6th day of August, 1926,

the 6th day of November, 1926, the 6th day of February, 1927, the 6th day of May, 1927 and the 6th day of August, 1927, and the bill of complaint, together with the exhibits attached thereto and made a part thereof, shows that the complainant defaulted in her payments on the 6th day of November, 1927. The bill of complaint fails to show that at that time the defendant land company had defaulted in and was not in good faith carrying out the terms and conditions of its contract, and, therefore, that the complainant was at that time entitled to abatement in price and delivery of deed for the amount paid.

The order sustaining the demurrer should be affirmed but the order insofar as it dismisses the bill of complaint should be reversed with direction that the complainants be allowed to further amend the bill of complaint so as to bring themselves within the purview, if they may and can, of the law as stated herein. The costs of this appeal shall be taxed pro rated equally between the appellants and the appellees. It is so ordered.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.

---

## ON PETITION FOR REHEARING.

PER CURIAM.—In this case the solicitors for the appellees have filed motion for rehearing and for a reformation of certain language in the opinion. It is pointed out that in the opinion, the following language is used:

"if after deducting the abatement in price which might flow to the complainant as hereinbefore stated, it is found that she has more than paid the full balance due to be paid by her, she should have a decree against the Land Company for such difference. Under the contract, however, the complainants cannot recover from the bank trustee any sum of money whatsoever which she may have paid to the Land Company over and above the amount that the Land Company was entitled to receive

for the land after deduction of abatement in price because of the conditions above mentioned."

Counsel contend that this language is ambiguous, because under the terms of the contract the payments therein referred to were to be made to The Citizens & Peoples National Bank of Pensacola, Florida, as Trustee. This contention is supported by the record. The language of the original opinion will be modified in this regard so as to read:

"if after deducting the abatement in price which might flow to the complainants as hereinbefore stated, it is found that she has more than paid the full balance due to be paid by her, she should have a decree against the Land Company for such difference. Under the contract however, the complainants cannot recover from the bank trustee any sum of money whatsoever, although she may have paid to the Trustee or to the Land Company some amount over and above the amount that the Trustee was entitled to receive for the land after the deduction of abatement in price because of the conditions above mentioned."

It is so ordered and petition for rehearing is denied.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.