YALE INVESTMENT COMPANY, a corporation, and ORANGE BELT REALTY CORPORATION, a corporation, *Appellants*, vs. MAXINE F. WILLIAMS, by OSBORNE WILLIAMS, her husband and next friend, *Appellee*.

141 So. 308.

Division B.

Opinion filed May 5, 1932.

Petition for rehearing denied May 31, 1932.

*Fleming, Hamilton, Diver & Lichliter,* for Appellants; *W. A. O'Neill* and *Baya & Baya,* for Appellee.

DAVIS, J.—Maxine F. Williams, a married woman, joined by her husband, exhibited her bill of complaint against Yale Investment Company and Orange Belt Realty Corporation in the Circuit Court of Hillsborough County for the purpose of having specifically enforced a contract to sell and convey land which had been entered into by the Yale Investment Company with one Pearl Fletcher, another married woman, and thereafter assigned by Pearl Fletcher to the complainant.

The court overruled special demurrers and a separate plea to the bill, and the defendants appealed.

Stated in brief, the bill presents the following case: Yale Investment Company, a corporation holding title to real estate and authorized to convey the same, made, ex-

416

ecuted and delivered a contract of sale to Pearl Fletcher, a married woman, covering a certain lot owned by it. The consideration for the purchase of the lot was $10,000.00. The vendor corporation collected from the married woman, with whom its contract was made, $7,500.00 of the $10,000.00 purchase price. After this it conveyed the property to Orange Belt Realty Corporation, which it is alleged took it subject to the contract of its grantor. After this the contract was assigned by Mrs. Pearl Fletcher to Mrs. Maxine Williams, another married woman. Maxine Williams, prior to her suit, tendered to Orange Belt Realty Corporation, full performance of the contract by offering to pay to vendor's grantee the remaining cash balance of $2,500.00 due under the terms of the Pearl Fletcher contract, and demanded a deed. The tender was declined and payment of the cash balance offered by Mrs. Williams refused. The bill alleges these facts and prays for specific performance by Orange Belt Realty Corporation of the Pearl Fletcher agreement. To support this prayer, a continuing offer of performance by paying the unpaid balance of the purchase price is made by complainant in her bill.

The appellants contend that Mrs. Fletcher's promise to buy was itself unenforceable in the first instance because she was a married woman, and that consequently the Yale Investment Company, as vendor, and its grantee, Orange Belt Realty Corporation, which is alleged to have taken its title subject to the contract, were not bound by the promise to sell contained in the contract to Mrs. Fletcher which was later assigned by her to Mrs. Williams.

To support this contention, appellants rely upon Gautier vs. Bradway, 87 Fla. 192, 99 Sou. Rep. 879, and Headley vs. Warmolts, 92 Fla. 929, 111 Sou. Rep. 252, wherein it was held that when married women under coverture assume to contract when they have no capacity

to do so, the parties assuming to contract with them are not in equity bound to perform the contract on their part, because mutuality of terms and considerations must exist between the parties before specific performance will be decreed.

We are of the opinion, however, that the case at bar is controlled by the principles stated in the case of Clark v. Andrew, 11 Fed. (2nd) 958, which is a case decided by the Circuit Court of Appeals for the Fifth Circuit, that involved an almost identical situation. Appellants here admit the fact that Clark v. Andrew is in point, but deny that it is controlling, because, as they say, that opinion by a Federal Court runs counter to the well settled decisions of this Court, and therefore is not authority, and should not be followed.

It is true, of course, that decisions of the Federal Courts on matters like this are not binding on us, but merely persuasive, as to propositions of law involving rules of property in this State. We are convinced, however, that the decision of the United States Circuit Court of Appeals in Clark v. Andrew, *supra*, is sound in principle and therefore we should follow it here.

In that case it was held by the Federal Court that in a suit for specific performance of a contract to convey land, mutuality is satisfied if mutuality of remedy in equity exists at the time suit is filed.* It was also held there that it is not material that the contract sought to be enforced is executory, if there has been a tender of performance which, if the opposite party had accepted it, would have resulted in the contract being executed,—that in such situation the unaccepted tender of performance is in equity equivalent to performance, especially when the required performance is simply the payment of a sum of money

---

*This is in effect what we have held on the same subject. See Vance v. Roberts, 96 Fla. 379, 118 Sou. Rep. 205.

which is seasonably tendered before suit and kept available after suit.

It was likewise held in that case that where a married woman vendee brings a suit against her vendor for specific performance of the vendor's contract to convey land to her, and shows by her bill that she has prior to her suit made a tender of performance on her part by attempting to pay all sums of money she agreed to pay as her undertaking under the agreement, and is still ready, able and willing to pay same as she agreed, but the opposite party refused to accept her tender, that by bringing her suit she thereby estops herself to later change her position to the injury of the defendant, and in effect imposes upon her separate property, a liability for the payment of the purchase price which she offers to pay and tenders with her bill for such specific performance.

So far as the principle of mutuality is involved as a prerequisite to the maintenance of a suit for specific performance to compel the conveyance of land, it is a mutuality of remedy in equity at the time of filing the bill that is required, and not a mutuality in the terms of the contract when the contract is made. Equity will only refuse specific performance in such cases if it finds that in granting it to complainant, the defendant, without fault on his part, will be left thereby to turn to a remedy at law only. Vance v. Roberts, 96 Fla. 379, 118 Sou. Rep. 205; Schmidt v. Kibben, 100 Fla. 1684, 132 Sou. Rep. 194.

The case of Gautier v. Bradway, *supra*, relied upon by appellants, involved an agreement that required more than the mere payment of a sum of money by the married woman attempting to secure specific performance. The consideration there in question was an agreed amount of cash and in addition a promise for the execution by the complainant married woman of a mortgage on the lands as security for deferred payments. There was consequent-

ly a lack of mutuality of remedy in that case which rested in the inability of the Court to compel the complainant married woman to carry out her promise to execute the mortgage which executory promise by her formed a part of the consideration of the contract she was there seeking to enforce.

In the case at bar, the contract involves nothing more than a required payment of money. A considerable part of this money has already been paid, and the married woman complainant avers that she has tendered and has actually attempted to pay the entire balance due, but that her tender of payment of the remainder has been refused.

A tender of performance under such circumstances is equivalent to actual performance such as has been held will entitle a married woman who has completely executed a contract on her own part, to specifically enforce it against the opposite party who refuses to carry it out. In such cases a mutuality of remedy exists upon the filing by the married woman of her bill, by which bill the Court acquires power to compel her to comply with her obligations to make payments under the contract, and to protect fully and completely the rights of the defendant in the same suit by having the money paid into court for defendant's benefit without sending such defendant into a court of law to collect it.

This court, in a very recent opinion, has held that a married woman who has executed a contract on her own part may specifically enforce it against the opposite party.* We think this same rule applies to a case where there has been a part performance which has been accepted, and a tender of full-performance which, if it had been accepted, would have resulted in the contract being fully executed. This is true, because in such case a tender of perform-

---

*Holder v. West Florida Development & Inv. Co., 137 Sou. Rep. 691.

ance which the opposite party refuses to accept is deemed in equity the equivalent of actual performance. To support such a bill as this in any case, a tender of the cash consideration must be made and kept available at the time the bill for specific performance is filed (Orlando Realty etc. Corp. v. Hilpert, 93 Fla. 954, 113 Sou. Rep. 100), and it is obvious, if such is the rule, that the opposite party against whom the specific performance suit is brought, can secure all the benefits of the required equitable mutuality of remedy, by simply taking the money which is tendered to him and kept available in order to warrant the making of any decree for specific performance. If the tender is made and kept available, mutuality of remedy is thereby secured. If it is not made, or if made and not kept available, the ensuing destruction of mutuality of remedy will necessarily defeat the granting of such relief.

Other points have been raised and discussed in the briefs which we do not deem it necessary to make particular mention of in this opinion. We have carefully considered all the points embraced in the special demurrers as applied to the bill of complaint involved, and it is our view that the bill of complaint here under consideration is sufficient to withstand such objections, and that the special demurrers were accordingly properly overruled.

The plea which the Chancellor also overruled, presented the single question as to whether or not the coverture of Mrs. Fletcher prevented a suit by her assignee for specific performance. This point, as we have just seen, is not well taken. The appeal on that ground cannot be sustained. The situation presented, as we have heretofore said, is similar to that ruled on in Clark v. Andrew, 11 Fed. (2nd) 958, 4 Fed. (2nd) 124), and upon the reasoning employed by JUDGE BRYAN in the opinion of the Circuit Court of Appeals in that case, we are constrained to approve the

holding of the court below in this case. See also Yerkes v. Richards, 153 Pa. St. 646, 26 Atl. 221.

Coverture of the complainant, or her assignor, can afford no ground of defense to her bill for specific performance, so long as the contract on complainant's own part is fully executed, or as fully executed by her as she is able to execute it, as against the opposite party's refusal to accept the tendered money which she offers and says that she is still willing at any time to pay if the defendant will take it. See Holder v. West Florida Development & Inv. Co., 487 Fla. 103, 137 Sou. Rep. 691; Lenoir v. McDaniels, 80 Fla. 500, 86 Sou. Rep. 435.

Orders affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.