## WILLIAM JUDGE, APPELLANT, vs. FORSYTH'S EXECUTORS, APPELLEES.

1. The object of the statute of this State allowing the foreclosure of a mortgage in the courts of common law, was to prevent multiplicity of suits and to obviate the necessity of a suit in equity to forclose, and a suit at law on the bond or note.

2. A suit, under the statute, is a proceeding *in rem* as to the foreclosure, and *in personam* as to the judgment for the debt or demand.

3. No suit can be maintained under the statute unless there is property upon which the decree of foreclosure can act.

4. The right to foreclose and the right to redeem are reciprocal and commensurate, and one cannot exist without the other.

5. Slavery having been abolished by the Federal and State governments, there is no property in persons who were formerly slaves which can be the subject of a foreclosure.

6. A suit cannot be maintained under the statute for the foreclosure of a mortgage on slaves, given before the emancipation of the slaves, there being no longer a property in such persons which can be the subject of foreclosure or redemption.

7. The judgment which is rendered under the statutory proceedings to foreclose a mortgage in the courts of common law, is an entirety and cannot be separated. There must be a decree of foreclosure and a judgment for the debt; and it is error to grant the decree without giving the judgment, or to render the judgment without pronouncing the decree.

8. In the proceedings to foreclose a mortgage under the statute, the execution should first be levied and executed on the mortgaged property, and resort should only be had to the other property of the defendant when the mortgaged property proves insufficient to satisfy the judgment.

Appeal from Santa Rosa Circuit Court.

This case was decided at Tallahassee.

A statement of the case is contained in the opinion of the court.

*McClellan & Barnes* for Appellant.

This is a proceeding by petition to foreclose a mortgage executed on divers slaves to secure a debt due by appellant

to the appellees. This mortgage was executed on the 2d day of May, 1859, upon certain slaves therein named.

The proceeding to foreclose is under the statute, and was filed in the Circuit Court of Santa Rosa county on the 12th of June, 1866. On the 18th of May notice was served of the institution of the proceeding; and on the 12th day of November, 1866, the defendant filed a plea in bar of the proceeding, substantially alleging that the persons named in said mortgage were, at the time of filing, and then freemen, and that, therefore, the prayer of the petitioner should not be granted. To this plea there was a demurrer. The demurrer was sustained and a judgment of foreclosure entered. The demurrer admits the facts of the plea to be true. That being so, there was no property upon which a foreclosure could be entered; there being no property for the remedy to take hold and operate upon, there could be nothing for the court to foreclose. The statute provides that the petition shall be filed in the county where the premises are situated, when it is real, and when it is personal where the property may be. Thompson's Dig., 376. And the prayer of the petition shall be that the mortgagor and all persons claiming by and through him may be forever foreclosed and barred of his rights or equity of redemption in the said mortgaged property. Thomp. Dig., 376. Here the court is asked to do what? To foreclose and bar the defendant of his rights or equity of redemption in or to a freeman. There is nothing left for the parties, to have any rights in or to; the article or persons in this case have lost the status of property. Neither party can claim a property in them. It was this quality that enabled the party to come into and have a standing in court. But it is swept away by the military power and by the people in convention and legislative capacity.

The right to redeem and to foreclose are mutual and reciprocal and commensurable; but here there is nothing left to redeem. 2*Hilliard on Mortgages, 1 and 2.

The remedy given to foreclose by petition embraces both, that is acts *in rem* and *in personam*, but is more strongly tinctured with the nature of a proceeding *in rem*. For whenever the property is found in that county, you can file the petition to foreclose. This is *in rem*. Thomp. Dig., 376. But in this case there is nothing *in rem* left to found such a proceeding upon. It is the right to redeem that is prayed to be foreclosed. What is this equity of redemption? It is a title in equity, a right. 1 Hilliard on Mortgage, 358 and 359. What had Judge in these freemen when this petition was filed? Literally nothing—no equity, right, title or interest. They were not property but freemen.

The proceeding to foreclose the equity of redemption of a mortgagor is a proceeding *in rem*, (Kershaw vs. Thompson, 4 Johnson Ch., 609,) and under our statute it is peculiarly so. It is against the property; here there was no property to proceed against.

It is true the execution under a foreclosure issues generally against the property of the defendant. But under our statute there must be a sale of the mortgaged property in order to give title. The demurrer should have been overruled and the petition dismissed.

*Campbell* and *Perry* for Appellees.

DOUGLAS, J., delivered the opinion of the court.

On the 2d day of May, 1859, William Judge made his promissory note, bearing date on that day, by which he promised to pay to Ezekiel E. Simpson and Benjamin D. Wright, executors of Joseph Forsyth, the sum of two thousand dollars; and on the same day made his deed of mortgage on five negro slaves to secure the payment of said note.

On the 12th day of June, 1866, the promissory note remaining still due and unpaid, the executors of Forsyth, in

pursuance of the statute of this State, providing for the fore-closure of mortgages in the courts of common law, filed their petition in the Circuit Court for Santa Rosa county to fore-close this mortgage.

In their petition the mortgagees pray that the said William Judge and all persons claiming or to claim by, through or under him, may be forever foreclosed and barred of and from all right of equity of redemption in the said mortgaged property, and that the petitioners may have judgment for the amount due them on the said promissory note.

The defendant Judge was duly notified of the filing of the petition, and he appeared at the time required by law and pleaded the following plea in bar of the proceedings institu-ted against him for the foreclosure of the mortgage:

"The said defendant for plea to the said petition of Ben-jamin D. Wright and Ezekiel E. Simpson, executors, &c., saith, that the judgment of foreclosure prayed for in said petition ought not to be granted, because he says that the mortgage in said petition mentioned embraces only certain persons who were the slaves of the defendant at the time of the execution thereof, which said persons, whose names are given in said petition, are now and were at the time of the commencement of this suit freemen, and that no foreclosure or judgment, as prayed for in said petition, can or ought to be had against this defendant, as said mortgage deed is void and of no effect."

To this plea there was a general demurrer, which was sustained by the court below, and the following judgment was rendered:

"This cause coming on to be heard, upon consideration of the court, it is ordered and adjudged that the said de-fendant and all persons claiming by, through or under him, be and they are hereby forever debarred and foreclosed of and from all right and equity of redemption in the mort-

gaged property set forth and described in the petitioner's petition and the mortgage deed herewith filed.

"It is further considered by the court that the petitioners have and recover of the defendant the sum of $2,612, as well as their costs by them in this behalf expended, and that the petitioners have execution therefor."

From this decree of foreclosure and judgment for the debt an appeal was taken to this court.

The following errors are assigned and insisted on:

1. The court erred in sustaining plaintiff's demurrer to defendant's plea.

2. The court erred in not overruling plaintiff's demurrer to defendant's plea.

3. The court erred in decreeing a foreclosure of defendant's equity of redemption in the slaves mentioned in the mortgage.

4. The court erred in rendering judgment against defendant for the debt secured by the mortgage.

5. The court erred in decreeing a foreclosure of the defendant's equity of redemption, when it could not by law decree a sale thereof.

It will be unnecessary to examine *seriatim* all the questions raised by the assignment of errors. The plea to the petition raises for the consideration of the court the material point presented by the record, and the decision of that question disposes of the case. Indeed all the errors assigned grow out of the subject matter as set out in the plea, and the first error assigned would have fully presented the merits of the case for the adjudication of this court.

The act of the General Assembly of this State providing for the foreclosure of mortgages in the courts of common law, directs that the person or persons entitled to the foreclosure shall file their petition in the Circuit Court of the county in which the mortgaged premises are situated, if real property, or in which the mortgaged property may be, when

it is personal property; which petition shall set forth the debt or demand which the mortgage was given to secure, together with a description of the property mortgaged. It further requires that the petition shall contain a prayer that the mortgagor and all persons claiming or to claim by, through or under him, may be forever foreclosed and barred of and from his right or equity of redemption in the mortgaged property, and directs that the court shall, upon the hearing, unless good cause be shown to the contrary, give judgment for the petitioner for the amount of the principal sum of money, and the interest due thereon, together with the cost and charges of the proceedings; and shall also, by its judgment, forever foreclose and debar the mortgagor and all persons claiming or to claim by, through or under him, of and from all right and equity of redemption, of or in the said mortgaged property.

The statute further provides that the judgment of the court, on the foreclosure of a mortgage, shall, in all cases, be entered up and filed, and execution shall issue thereon as in other cases. Thomp. Dig., 376, 377.

The obvious intention of this statute in allowing a mortgagee to foreclose his mortgage in the courts of common law by petition, and to obtain a decree barring the equity of redemption, and at the sametime a judgment for the debt or demand secured by the mortgage, was to prevent circuity of of action and multiplicity of suits, and to obviate the necessity of two suits: one in equity to foreclose the equity of redemption, and the other at law to obtain a judgment on the bond or note, in order to recover any balance that might remain due and unpaid after the mortgaged property was exhausted, and had failed to satisfy and discharge the debt or demand of the mortgagee.

The proceedings under this statute are *in rem*, and against the property mortgaged, and the fact that jurisdiction is given to the courts of law to hear and determine the rights

Judge vs. Forsyth's Executors—Opinion of Court.

of parties on petition, and to give judgment for the petitioner for the amount of the principal sum and interest and costs, does not change the character of these proceedings, and make them proceedings *in personam*.

It is the existence of the property, real or personal, the " *res*," that gives the party the right to proceed by petition, and the court the power to hear and determine the case under the statute. It cannot be denied that a lien exists on the property mentioned in the mortgage deed, and that the prayer of the petition is to foreclose and bar the defendant from all right to the equity of redemption in this property, which can only be done by virtue of the lien and the power of the court to act directly on the *res*, and it is well settled that whenever a party proceeds to enforce a lien that the proceedings are *in rem* and not *in personam*.

Upon a decree of foreclosure the legal and equitable title is vested in the mortgagor, but before foreclosure only the legal title is in him, and that is subject to be divested upon the fulfillment of the conditions of the mortgage deed.

Before this statute, the mortgagee had his option to proceed in equity *in rem* against the property, or at law *in personam*, on his bond or note; and he may now as formerly pursue either remedy or both at the same time, but not in the same forum or in the same suit.

This can only be accomplished by means of the statute. It has already been shown that our statute was intended to provide against this circuity of action and multiplicity of suits, and to allow the mortgagee to avail himself of both remedies in the same suit; but to enable him to do so there must be property, a " *res*," as a foundation for the petition. Without property, real or personal, the court has no jurisdiction to hear and determine the prayer of the petition. Its jurisdiction in the case of real property is confined to the county in which the mortgaged premises are situated, or to

the county in which the mortgaged property may be, when it is personal property. Thomp. Dig., 376.

The court is required at the same time that it gives judgment for the debt or demand and interest, also to pronounce a decree of foreclosure, and forever to debar the mortgagor of all right and equity of redemption in and to the mortgaged property. The judgment, directed by the statute to be pronounced, is for the debt or demand with interest and cost, and for the foreclosure of all right of the equity of redemption in the mortgaged property. It is an entire judgment, and it cannot be divided by omitting to render a judgment for the debt or demand, and granting a decree of foreclosure of the equity of redemption in the mortgaged property, or by making a decree of foreclosure of the equity of redemption, and refusing to render a judgment for the debt or demand due and the interest and cost of proceedings.

Nor does the provision of the statute which requires that on the foreclosure of a mortgage, the judgment shall in all cases be entered up and filed, and execution shall issue thereon, as in other cases, change the nature of the proceedings from *rem* to *personam*. The practice is to sell the mortgaged property first, and only to resort to other property of defendant when that proves insufficient to satisfy the execution.

The object of the statute being, as before stated, to combine the advantages of an equity proceeding on the mortgage, and a common law suit on the bond or note, its purposes would have been but half accomplished, unless the execution went generally against the effects of the defendant.

The plea of the defendant in this case is in bar of the proceedings, and sets forth that the persons named in the mortgage as slaves were, at the time of the institution of the suit and plea pleaded, freemen, and that the defendant did not, and in law could not, hold or have any property in them which could be the subject of a foreclosure in equity,

or under the statute for the foreclosure of mortgages in the courts of common law.

Independent of the admission made by the demurrer to the plea, the court will take judicial notice that the Constitution, both of the State and of the United States, has abolished slavery, and that property in persons of African descent is no longer recognized by the laws and Constitution of this State. The fact that these persons were slaves at the time of the execution of the mortgage, and that they have since become freemen by the result and operations of the recent war, does not alter the case so far as this suit is concerned. They must be property at the time the party comes into court to assert his right to a foreclosure, and whether a change of their status pending the suit would affect the question, is not now necessary to determine. If there is no property for the remedy to operate upon there can be nothing to foreclose; nothing to give jurisdiction to the court in a proceeding by petition under the statute to foreclose, and nothing which can be redeemed.

In general, the respective rights of mortgagee and mortgagor, with regard to a foreclosure on the one hand and a redemption on the other, are treated as *mutual*, that is, the existence of the former is held to involve that of the latter, and *vice versa*; and the fact that the one cannot legally be enforced under the circumstances, is regarded as sufficient to preclude a claim for the other. Thus it is said, "the right to foreclose and the right to redeem are reciprocal and commensurate." 2 B. Monroe, 206; 2 Hilliard on Mortgages, pages 1 and 2.

We have already shown that the proceedings to foreclose the equity of redemption of a mortgage is a proceeding *in rem*, and that there must be a property, real or personal, upon which the decree of foreclosure can act, and which will support the jurisdiction of the court. 4 John. Chancery Rep., 609.

In this case there was no property upon which the decree of foreclosure could act. The property named in the mortgage had ceased to be property, and was as if it had never existed as such, and without this property the suit by petition for a foreclosure could not be maintained.

The demurrer to defendant's plea was improperly sustained; it should have been overruled and judgment entered for defendant on his plea.

The judgment of the court below is reversed with cost.