F. R. WEBBER, APPELLANT, VS. JOSEPH BLANC, APPELLEE.

1. To a declaration in assumpsit for the recovery of the balance due on a promissory note, a plea was filed admitting the execution of a note, but alleging that plaintiff ought not to maintain the action because at a time before the institution of the suit plaintiff had his remedy against defendant in a court of competent jurisdiction on the note in a foreclosure of the mortgage given to secure the same; and that the property described in the mortgage was sold on final decree of the court and plaintiff purchased the same and had the sale confirmed: *Held*, That on demurrer the plea presented no sufficient defense to the action.

2. In the absence of a statute, or rule of court made in compliance with law, no decree in chancery for a deficiency, after a sale of the mortgaged property could be entered in a court of equity, unless it be that the debt, without the mortgage, is such that a court of chancery would have jurisdiction of it, and could render a decree for it.

Appeal from the Circuit Court for Orange county.

The facts in the case are stated in the opinion of the court.

*J. M. Cheney*, for Appellant.

No Appearance for Appellee.

MABRY J.:

Appellant, as plaintiff below, sued appellee in assumpsit to recover the balance due on a promissory note executed by the latter to Mary C. Rerdell, and endorsed to plaintiff. The defendant's plea to the declaration admits the execution of the note sued on, but alleges that plaintiff ought not maintain the action because on the 14th day of October, 1888, a time before the institution of the suit in assumpsit on the note, he had his remedy against defendant, in a court of competent jurisdiction, upon the same note, in a foreclosure of a mortgage which was executed of even date with the note to secure the payment thereof; that the property described in said mortgage was sold on the final decree of the court, and plaintiff purchased the same and had the sale confirmed; all which would more fully appear by so much of the proceedings as were attached as exhibits and made a part of the plea, and which will show to the court that the note was then in issue and determined, and that the same relief was, or could have been, granted in the first suit as in the pending one. Copies of proceedings filed with the plea show a bill in chancery filed by F. R. Webber against Joseph Blanc et al. to foreclose a mortgage executed by Blanc to Mary C. Rerdell to secure the note sued on in the present action of assumpsit, the report of a master as to the amount due on the note, the decree of the court confirming the report, and a further decree directing the sale of the property by a special master named, in the event

15

the amount ascertained to be due was not paid within a time stated. There was also a report of the special master showing a sale of the mortgaged property to the complainant, F. R. Webber, for a sum stated, but much less than the amount found to be due. The sale was confirmed by the court and a deed directed to be executed to the purchaser. The total amount found to be due, including principal and interest, on the note, and costs and expenses of foreclosure proceedings, was $638.06, and the mortgaged premises sold for $350, leaving a balance due of $288.06. There was no prayer in the bill for a judgment for a deficiency, if any, after a sale of the mortgaged premises, and no such judgment was ever entered in the foreclosure proceedings. The suit on the note for the balance due thereon was instituted subsequent to the foreclosure proceedings.

The plaintiff demurred to the plea on the grounds: 1. That it constituted no defense to the action. 2. Suit at law may be maintained for a deficiency after a sale under a decree in equity, if a judgment for the deficiency, after a sale of the mortgaged property, has not been entered in the foreclosure suit. The court overruled the demurrer and dismissed the suit at plaintiff's cost. An appeal was entered before the Revised Statutes went into effect.

We are of the opinion that the court committed two errors in the ruling made. The first one is in overruling the demurrer to the plea, and the second one is the dismissal of plaintiff's case. If the demurrer had been properly overruled, the court should not have summarily dismissed the case, but an opportunity should have been given to take issue upon the plea, or otherwise properly reply to it. Without reference, how-

ever, to the sufficiency of the plea in point of averments, we are of the opinion that the defense designed to be presented by it was no sufficient answer to the declaration. The fact that a mortgage was taken to secure the note did not deprive the holder thereof of the legal remedy to collect it, nor is there any legal obstacle in the way of his suing at law for the balance due on the note after the sale under the foreclosure decree in equity, if no judgment for the deficiency was entered in such proceedings. Dunkley vs. VanBuren, 3 Johns. Ch. 330; Porter vs. Pillsbury, 36 Maine, 278; Stevens vs. Dufour, 1 Blackf. 387; Omaly vs. Swan, 3 Mason, 474. It is stated in Jones on Mortgages, vol. 2, sec. 1711, that "a court of equity can not, independent of any provision of statute giving the authority, decree the payment of the balance that may remain of the mortgage debt after applying the proceeds of the property mortgaged, unless the debt without the mortgage, was such that a court of chancery would have jurisdiction of it and could enforce it. * * Without the aid of statute, or circumstances giving equitable jurisdiction over the demand, the only proper remedy for the deficiency is by action at law upon the bond or note."

Before the adoption of a rule on the subject no decree in chancery for a deficiency, after a sale of the mortgaged property, could be entered in the equity courts of the United States, and the only remedy was at law. Noonan vs. Lee, 2 Black, 500; Orchard vs. Hughes, 1 Wall. 73. In 1864 the Supreme Court of the United States adopted a rule on the subject, and this court adopted a similar one—rule 89 for Circuit Courts in suits in equity—and it has since been the practice in both courts to render a decree for any bal-

ance that may be found due over and above the pro-
ceeds of the sale of the mortgaged property. While
a deficiency decree may be rendered in the foreclosure
suit in equity, still, if none is asked for, and none is
entered, the remedy at law for the balance remains,
and resort to it may be had.

Counsel for appellee has not favored us with any
brief, and we do not know from him upon what ground,
the ruling of the court was based. If it was influ-
enced by the case of Judge vs. Forsyth's Executors,
11 Fla. 257, as suggested by counsel for appellant, we
fail to discover any authority in that case for such a
ruling. The case is based upon the statute of 1824,
providing for the foreclosure of mortgages in the
courts of common law in this State, and requiring that
a judgment *in personam*, and a judgment *in rem*, both
should be entered in the same suit. A bill in equity,
as was the case in the proceedings alleged in the plea
before us, is not governed by the statutory directions
as to foreclosing mortgages in the common law courts,
and the rule as to suing at law for a deficiency after
sale of mortgaged property in foreclosure proceedings
in equity, is as above stated.

The judgment will be reversed with directions for
the demurrer to be sustained, and for such further
proceedings as may be proper.