[Civ. No. 2058.   First Appellate District.—May 18, 1917.]

## OMA A. DAVIES, Respondent, v. I. S. PATTON et al., Appellants.

FORECLOSURE OF MORTGAGE — CONCEALMENT OF OWNERSHIP OF PRIOR MORTGAGE—RETENTION OF POSSESSION.—In an action to foreclose a second mortgage, which was given in connection with a first mortgage, for the unpaid purchase price of the mortgaged property, the mortgagors cannot contend that the plaintiff should be denied equitable relief on the ground that they were deceived as to the ownership of the first mortgage, where they remained in possession of the property, were not damaged by the concealment, and made no attempt at rescission of the transaction, or offer to return the property.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. Wm. H. Donahue, Judge.

The facts are stated in the opinion of the court.

F. H. Dam, for Appellants.

George Clark, and Black & Clark, for Respondent,

THE COURT.—This is an appeal from an action to fore-
close a mortgage. It appears that the parties to this action
had entered into an agreement for the sale and purchase of a
certain piece of real property in Alameda County for the sum
of six thousand dollars; that the defendants and appellants
paid on account thereof one thousand dollars, and went into
possession. In payment of the balance they executed two
promissory notes, one for three thousand dollars secured by
a first mortgage upon the property purchased, and the other
for two thousand dollars secured by a second mortgage. The
first mortgage, according to the understanding between the
parties to this appeal, was to be owned and held by a certain
bank in Oakland, and the second mortgage was to be owned
and held by the plaintiff. When this suit was commenced,
the appellants learned that the bank in fact was not the owner
of the mortgage executed in its name, but held the same for
the plaintiff, who in fact had always been the owner of both
encumbrances. The appellants claimed in the trial court, and
now urge here, that the making of the deed of conveyance and
the execution of the two mortgages constituted one transac-
tion, and that the plaintiff in taking the first mortgage in the
name of the bank, when in fact it belonged to her, deceived and
defrauded them, in consequence of which the plaintiff cannot
avail herself of the equitable arm of the court for the fore-
closure of the second mortgage—the one concerned in this
suit.

From the evidence in the case it is clear that the plaintiff
was prompted by no oppressive or wrongful intent in allow-
ing the appellants to suppose that they were dealing with the
bank in question in the matter of the first mortgage, and prob-
ably conducted that part of the transaction in the manner
indicated solely for the purpose of securing prompt payment
of that part of the appellants' obligation. It is quite evident,
too, that the appellants had no serious objection to the plain-
tiff owning the first mortgage, for they in fact, according to
the evidence introduced by the plaintiff, had requested her to
take a mortgage for the full amount of the unpaid purchase
price of the property. But aside from all of this, it appears
that the appellants were and are in possession of the property,
they were not damaged by the concealment, they attempted
no rescission of the transaction or of any part of it, have not
offered to return the property, but appear to think they may

retain it and repudiate any obligation under their mortgages. Such a position cannot be given judicial countenance. (6 Cyc. 314; 35 Cyc. 146; 20 Cyc. 92; *California Steam Nav. Co. v. Wright,* 8 Cal. 585, 592.) In our opinion the appeal is entirely devoid of merit.

The judgment and order are affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 16, 1917.