GUS C. EDWARDS, *Appellant*, v. MARY J. MEYER, a widow, *Appellee*.

En Banc.

Opinion filed July 23, 1930.

*A. J. Lusier*, for Appellant;

*Adrian D. Wentworth*, for Appellee.

ELLIS, J.—Gus C. Edwards owed Mary J. Meyer, a widow, twenty-five hundred dollars on January 21, 1924, evidenced by a promissory note under seal payable to the order of Mary J. Meyer one year after date. To secure the payment of the debt Edwards and wife executed a mortgage in favor of Mrs. Meyer upon certain lands described in the document. The due date of the note arrived and was not paid, thereupon the widow Meyer exhibited her bill in chancery in the Circuit Court for Brevard County to foreclose the mortgage. An amended bill of complaint was filed April 30, 1926.

The case proceeded to a final decree against Edwards and wife which was entered on July 5, 1928. It was decreed that Edwards and wife owed the complainant the principal debt and interest, a certain sum for attorney's fees and other expenses, making a total of three thousand nine hundred and fifty-one dollars and forty-six cents. The decree ordered the defendants to pay to the complainant that sum within two days and decreed that the complainant was entitled to a lien upon the property prior and superior to all others held by the defendants or any person claiming by, through or under them from and after the commencement of the suit. The property was ordered sold in default of the payment of the debt and the proceeds of the sale to be applied upon it. A master was appointed to make the sale. The amended bill prayed for a deficiency decree.

On December 26, 1928, the complainant applied by motion to the chancellor for a personal decree against Edwards for the amount found to be due in the decree and that the court order execution to be issued therefor. The court entered a personal decree against Edwards in accordance with the motion and directed execution to be issued therefor.

Edwards filed a petition for a rehearing averring among other things that the special master published his notice of sale of the property but it was disclosed meanwhile that the property described in the mortgage was not the property of the mortgagor when the mortgage was executed and that the true owner obtained a restraining order from the court when the foreclosure proceedings were pending preventing the special master from making the sale and the restraining order was made permanent; that as there was no sale of the property there was no report of the special master upon which a deficiency decree could be entered.

The court overruled the petition but directed a remittitur of three hundred dollars on account of solicitor's fees.

An appeal was taken by Edwards to that order. The motion for the personal decree alleges that the special master was enjoined by order of the court from making a sale of the land under the decree in a suit by Cocoa Beach Development Company against the special master, Crofton, and the complainant, Mrs. Meyer.

. It is apparent from the pleadings in the case occurring subsequently to the final decree that when the mortgage was executed by Edwards and wife they had conveyed the land described therein to the Cocoa Beach Development Company, in which company they held stock; that the chancellor in a proceeding by the company against Mrs. Meyer and the special master restrained the latter from selling the land under the decree of foreclosure. Edwards'

protest against the personal decree is in the last analysis based upon a denial by him of the validity of the mortgage because he says that when he executed it he did not own the land. The mortgage, he says, was therefore void, the court consequently had no jurisdiction as there was no lien to enforce. If the court had no jurisdiction it was without power to enter a deficiency decree and that as there has been no report of a master's sale there can be no personal decree against him.

But Edwards is estopped from denying the validity of the mortgage particularly as it was given and accepted through his suggestion and for his benefit. He accepted the proceeds of the mortgage, employed them for his own purpose, made no contest against the foreclosure, set up no defense against it, admitted the debt and execution of the mortgage and neglected for more than two years to raise any question as to its validity and, so far as the record discloses, remained in possession of the premises. See Rummel v. Butler County, 93 Fed. R. 304; Daniels v. Patton, 33 Cal. App. 713, 166 Pac. R. 594; Ellis v. Baker, 116 Ind. 408, 19 N. E. R. 193; Nixon v. Haslett, 74 N. J. Eq. 789, 70 Atl. R. 987; Sing Sing First Nat. Bank v. Knevals, 21 N. Y. S. 1058; 41 C. J. 443; 19 R. C. L. 301.

Nor can the mortgagor plead his own want of title to the mortgaged premises in any case. See Bush v. Marshall, 6 How. 284, 12 L. Ed. (text 442) 440; Quittner v. Comstock, 91 Conn. 579, 100 Atl. R. 1061; Roderick v. McMeekin, 204 Ill. 625, 68 N. E. R. 473, Wilkinson v. Scott, 17 Mass. 249; Wyckoff v. Gardner, 20 N. J. L. 556; 45 Am. Dec. 388; Townsend v. Boyd, 217 Pa. 386, 66 Atl. R. 1099, 12 L. R. A. (N. S.) 1148.

Edwards would not have been heard to set up as a defense to the foreclosure proceedings that he had no title to the property mortgaged by him except on the ground

of mutual mistake in substituting one lot of land for another. Therefore it cannot be said that the court had no jurisdiction to proceed with the foreclosure proceedings against Edwards and wife. Restraining the master from selling the land at the suit of the Cocoa Beach Development Company did not terminate the foreclosure proceedings as against Edwards. Foreclosure proceedings in this State are in the nature of a proceeding *in rem* and *in personam,* the purpose of which is to subject the security furnished by the mortgage to the payment of the debt secured by it and to secure a personal judgment for the remainder in case the proceeds of the sale of the mortgaged property are not sufficient to extinguish the debt, where there is a separate written obligation to pay the debt or the mortgage contains a covenant to pay.

Under the original equity practice unmodified by any statute or authorized rule of court a proceeding to foreclose a mortgage was strictly *in rem.* See 42 C. J., p. 17, Sec. 1504.

When considered merely as a proceeding *in rem* the court had no power to render a personal judgment against the mortgagor either for the whole debt or the deficiency, the plaintiff being obliged in case of a deficiency to pursue his remedy by a separate action at law. See Kelley v. Caulker, 164 Mich. 519, 129 N. W. R. 703; Webber v. Blanc, 39 Fla. 224, 22 So. R. 655.

Under the rule, however, where a court of equity obtains jurisdiction of an action it will retain it and administer full relief, both legal and equitable. A court of equity acquiring jurisdiction for the foreclosure of a mortgage may retain jurisdiction for the full relief and may render a deficiency judgment. See Keller v. Ashford, 133 U. S. 610, 33 L. Ed. 667; Crowell v. St. Barnabas Hospital Co., 27 N. J. Eq. 650.

The purpose of the statute authorizing the entry of deficiency judgments in foreclosure proceedings was to relieve the parties from the expense and vexation of two suits, one equitable and the other legal, where the whole controversy could be adjusted in one suit. There is no reason for taking a mortgage out of that convenient and beneficent rule. See Frank v. Davis, 135 N. Y. 275, 31 N. E. R. 1100, 17 L. R. A. 306.

Prior to the statute, Chapter 11993, Acts 1927, Section 5751, Comp. Gen. Laws, 1927, amended by Chapter 13625, Acts 1929, the power was exercised under a rule having the effect of a statute. See Realty Mortgage Co. v. Moore, 80 Fla. 2, 85 So. R. 155; Etter v. State Bank, 76 Fla. 203, 79 So. R. 724.

The statute is for the benefit of the debtor in that it is designed to save him from the annoyance, vexation and expense of two suits; therefore though enacted after the date of the execution of the mortgage foreclosed in these proceedings and affecting only a matter of procedure they are applicable here; and the statute, Chapter 11993, *supra,* is broader in its terms than the rule which is number 89, Rules Circuit Courts Equity Actions.

Now, the affect of the chancellor's order in entering a judgment for the amount of the debt in the light of his former order restraining the master from selling the mortgaged premises was merely the entry of a deficiency judgment. If instead of restraining the sale he had ordered the master to sell subject to the superior claim of the Cocoa Beach Development Company to title and the master had reported that the property was offered for sale and brought nothing as there was no bidders in view of the corporation's superior claim to the title there would be little or no question as to the court's power under both the rule and the statute to enter the judgment for the debt.

The mere formality of a master's report under the circumstances could not effect the court's power. The uselessness and futility of a formal offering of the property for sale was apparent to the court and in effect the chancellor did what he would have done if there had been such report. In addition to this, Section 4951, Comp. Gen Laws, authorizes the issue of execution on decrees for money which a deficiency decree in foreclosure proceedings undoubtedly is under the statute and rule obtaining in this State.

In any event, the judgment is one entered by a court having jurisdiction and empowered to enter a judgment against the defendant for the debt found to be due after the application of the proceeds of the sale of the mortgaged premises had been applied to the debt and the debtor cannot be heard to say that the mortgage was void because he had no title to the premises, nor that the property could not be sold for the same reason because he would by that means be allowed to take advantage of his own wrong and accomplish indirectly what he could not accomplish directly. As he has no standing in court upon any such ground his attempted attack by appeal becomes collateral in nature and the court's judgment being one in which it had jurisdiction could not be collaterally attacked by Edwards.

In this view of the case the chancellor's decrees and orders are affirmed.

WHITFIELD, STRUM AND BUFORD, J. J., concur.

TERRELL, C. J., AND BROWN, J., not participating.