JOHN P. GASON, *Appellant*, VS. L. C. HENDRICKS, and J. V. AUDET, *Appellees*.

140 So. 790.

En Banc.

Opinion filed January 11, 1932.

Petition for rehearing denied April 20, 1932.

*Loftin, Stokes & Calkins,* and *M. Rutledge Rivers,* for Appellant;

*Baxter & Walton,* for Appellees.

DAVIS, J.—The Circuit Court of the Fifteenth Circuit, sitting as Court of Equity in Broward County, rendered a money decree against the appellant, John P. Grace, for $97,280.77. This was the amount of the mortgage debt involved in a foreclosure suit brought by the appellees for the foreclosure of a mortgage made by the appellant to the appellees. The appeal here is from an order of the Chancellor refusing to vacate and set aside the money decree which had been entered against appellant on July 19, 1928.

The bill for foreclosure was filed April 5, 1927. John P. Grace, Ella B. S. Grace, his wife, and the City of Fort Lauderdale were named defendants. The bill of complaint was in the usual form applicable to foreclosure cases, and prayed for foreclosure against the appellants and the City of Fort Lauderdale, of their interests in the real estate

described in the bill and its attached mortgage. The interest of the municipality in this property was not particularly set up, but it was alleged that whatever it was, that it was inferior to the mortgage lien being foreclosed.

Various proceedings were had in the course of settling the pleadings. Demurrers to the bill were overruled and the separate answer of the appellant was in part stricken. An answer was filed by the City of Fort Lauderdale, to which exceptions were disallowed. Finally, testimony was taken in the case, and a final decree was entered finding that complainants were due the amount of $88,107.63 for their mortgage debt, together with an attorney's fee of $8500.00. Sale of the mortgaged property described in the decree was ordered, but the sale was later stayed upon motion by the City of Fort Lauderdale. Thereafter the City of Fort Lauderdale was given permission to amend its answer, and amendment to the answer was filed pursuant to such permission. Thereupon complainant filed motion for vacation of the order staying the foreclosure sale, and for entry of a deficiency decree.

The last mentioned motion of complainants set up that following the entry of the final decree of foreclosure, the special master had advertised the property for sale on February 6, 1928; that prior to the sale, however, the court had made its order in favor of the City of Fort Lauderdale ordering the sale to be stayed and permitting an amended answer to be filed; that thereafter, while the stay order was in full force and effect, and on May 14, 1928, the City of Fort Lauderdale, in a separate condemnation proceeding brought by it against John P. Grace, the mortgagor, and L. C. Hendricks and J. V. Audet, the mortgagees, had obtained judgment appropriating to the City of Fort Lauderdale, under the power of eminent domain, a portion of the premises described in the final decree of foreclosure and ordered to be sold to satisfy the complainant's debt; that from this condemnation proceed-

ing the complainants in the foreclosure suit had received $3000.00 to apply on the debt mentioned in the final decree of foreclosure; that while the stay in effect, a superior mortgage lien against a part of the premises involved in the final decree of foreclosure in this case, was foreclosed in a separate suit, and the property sold under the final decree entered in such separate suit; that the property as sold under the decree in such separate suit, only brought $20,000.00, which amount was insufficient to pay the superior mortgage therein foreclosed; that by reason of the condemnation suit in favor of the City of Fort Lauderdale, and by reason of the foreclosure proceeding in favor of Dupuis-Blais Company to foreclose the aforementioned mortgage, which was senior to that of movants, that complainants' mortgage lien no longer existed in this case, because the mortgaged premises covered by it had been entirely exhausted by the other proceedings: that the amount defendant John P. Grace, was still due the complainants totalled $96,211.75; that the court still had jurisdiction of said defendant, John P. Grace, because he had entered his personal appearance in the cause and pleaded to the merits therein; that by reason thereof, the complainant prayed that the stay order against the foreclosure sale be set aside, and that a deficiency decree against John P. Grace be entered for the said sum of $96,211.75.

The paper so filed was styled a "motion". Pursuant to such "motion", the chancellor entered a so-called deficiency decree against John P. Grace in the sum of $97,280.77 damages, together with $40.58 costs. The date of this decree was July 19, 1928, and on March 21, 1929, appellant, the judgment debtor named in it, filed his motion to vacate it.

As grounds for the motion to vacate, appellant set up that he had no knowledge of the entry of the decree and was unrepresented at the time of hearing the application therefor; that no notice was served upon appellant of such

application or motion, although notice was given to the attorneys who had appeared for appellant in preceding steps in the cause, but that such attorneys did not appear for, nor represent, the appellant in regard to the application for said deficiency judgment; that the so-called deficiency decree was void and entered by the Chancellor without authority, because at the time of its entry, there was of record in the cause the unrevoked stay order, which had been previously entered by the court staying the foreclosure sale on February 6, 1928.

Another ground of the appellant's objection was that a court of equity in a foreclosure case is without authority to enter a common law judgment against the mortgagor for the total amount of the mortgage debt, until the mortgaged property has first been sold under the final decree of foreclosure and the amount of the deficiency ascertained thereby; that the mortgaged property could, and would have been, regularly sold on February 6, 1928, as advertised by the special master under the final decree, but that the stay order entered by the chancellor on motion of the City of Fort Lauderdale, had prevented that being done, and that the subsequent proceedings had made the sale of the mortgaged property under the final decree of foreclosure impossible.

It was further set up by the appellant, that all the proceedings complained of leading up to the so-called deficiency decree had been taken while appellant was unrepresented in fact; also, that what had been done had been done without any knowledge or notice to him in fact; that in consequence of this, it was not until long after the decree for $97,321.35 was entered; that he actually learned of the fact of the entry of such decree; that the property upon which the mortgage had been foreclosed against the appellant; had been recovered by the original owner for the paltry sum of $20,000.00 under the mortgage which

was foreclosed as superior to the one on which the $97,-
321.35 deficiency decree was entered; and that the complainants themselves had obtained moneys from the condemnation proceedings by the City of Fort Lauderdale, and other sources out of the property, aggregating more than $12,000.00. That as a result, appellant was left with a judgment based on a second mortgage foreclosure, amounting to $97,321.35 against him, which judgment it would be inequitable and unjust to allow to be executed because it had been entered without notice, or proper basis in the record, and without an opportunity to oppose it.

The Chancellor heard the appellant's petition and denied it on April 22, 1929. In his decree, the particular reasons for this denial were given by the Chancellor, and were to the effect that the court was without jurisdiction to grant such motion because the entry of the deficiency decree on July 19, 1928, precluded its being set aside by appellant's petition filed March 21, 1929; that even if the deficiency decree was *erroneously* entered it was without a proper basis in the record in the form of a supplemental bill to support it, that such defect was a mere error or irregularity of procedure, which would not subject the decree to collateral attack after the time for rehearing or appeal from it had expired. Following this, the appellant's present appeal was taken.

As has been pointed out, the so-called deficiency decree was entered on July 19, 1928. Appellant's petition to vacate and set aside was not filed until March 21, 1929, which was more than six months later.

Sections 5752-5754 C. G. L., *supra*, read as follows:

"5752. Power of Circuit Courts to Set Aside Decrees of Foreclosure.—The circuit courts of this State, and the judges thereof at chambers, shall have jurisdiction, power and authority to rescind, vacate and set aside a decree of foreclosure of a mortgage of property at any time before the sale thereof has been actually made pur-

suant to the terms of such decree and to dismiss the foreclosure proceeding upon the payment of all court costs. (Ch. 11881, Acts of 1927, Sec. 1).

5753. Effect of Setting Aside Decree of Foreclosure.—Whenever a decree of foreclosure has been so rescinded, vacated and set aside and the foreclosure proceedings dismissed as provided in the preceding section, the mortgage together with its lien and the debt thereby secured shall be, both in law and equity, completely relieved of all effects of any kind whatsoever resulting from or on account of the foreclosure proceedings and the decree of foreclosure and fully restored in all respects to the original status of the same as it existed prior to the foreclosure proceedings and the decree of foreclosure, and thereafter the same shall be for all purposes whatsoever legally of force and effect just as if foreclosure proceedings had never been instituted and a decree of foreclosure had never been made. (Id. Sec. 2).

5754. Definition of Terms Used in Two Preceding Sections.—For the purpose of the two preceding sections the words 'decree of foreclosure' shall include a judgment or order rendered or passed in the foreclosure proceedings in which the decree of foreclosure shall be rescinded, vacated and set aside; the word 'mortgage' shall mean any written instrument securing the payment of money or advances; the word 'debt' shall include promissory notes, bonds and all other written obligations given for the payment of money; the words 'foreclosure proceedings' shall embrace every action in the circuit courts of this State wherein it is sought to foreclose a mortgage and sell the property covered by the same; and the word 'property' shall mean and include both real and personal property. (Id. Sec. 3)."

By Section 5752 C. G. L., *supra,* Circuit Courts retain jurisdiction, power and authority to rescind, vacate and set aside a decree of foreclosure of a mortgage at any time before the sale of the property has been made, pursuant to the terms of the foreclosure decree.

The record shows that the Chancellor in this case exercised this power on February 6, 1928, by ordering the fore-

closure sale which was advertised for that day, to be stayed until further order of the Court and by permitting the City of Fort Lauderdale to file an amended answer.

The record also shows that on July 13, 1928, complainants made their motion to vacate and set aside the stay order aforesaid, but the motion insofar as the stay order is concerned, was never acted on by the Court. The record also shows that on July 19, 1928, without vacating said stay order, which stay order the court had previously made under authority of Section 5752, C. G. L., supra, the court undertook to enter its deficiency decree against the appellant for $97,321.35.

It is the contention of the appellant that the money decree so entered is void. By appellees it is contended that it is at most erroneous only, and that the time for rehearing and appeal having passed, that it is not subject to the attack which is now attempted to be made by the appellant's motion to vacate it and set it aside.

In this connection, the argument of the appellees is that the court had acquired jurisdiction of the subject matter by the filing of the suit for foreclosure in the proper court; that it had obtained jurisdiction over the person of the appellant, John P. Grace, by his appearance and filing pleadings to the merits in the main proceedings; that inasmuch as the Court, in the final decree of foreclosure in paragraph 7 thereof, had ordered "that this court does hereby retain jurisdiction of the subject matter, and of the parties in this cause . . . . for such purposes as may hereafter be deemed proper by this Court", that the Chancellor had jurisdiction on July 19, 1928, to enter a decree in the form of a money judgment against the appellant for $97,321.35, even though *error* may have been committed in entering it without requiring the filing of a proper supplemental bill upon which to predicate it.

Hence it is said that the decree of July 19, 1928, while

erroneous, is not void; and that if erroneous only and not void as contended, that it was beyond the power of the court to set it aside on appellant's motion therefor filed on March 21, 1929, after more than six months had elapsed from the date of its entry.

But this Court has held that even though a court may have duly acquired jurisdiction of the subject matter, and although it may have properly obtained jurisdiction over persons of the parties, that it may nevertheless be limited in its mode of procedure, and in the extent and character of its judgment, when those matters have been regulated by law.

Thus it was said in Johnson v. McKinnon, 54 Fla. 221, 45 Sou. Rep. 23, 13 L. R. A. (N.S.) 874, 127 Am. St. Rep. 135, 14 Ann. Cas. 180:

"Though a Court may possess jurisdiction of a cause, of the subject matter and of the parties it is still limited in its mode of procedure and in the extent and character of its judgment. * * * As we understand it the rule of procedure in giving Deficiency Decrees does not belong to a Court of Equity unless specifically conferred by statute or a rule of Court. Webber v. Blanc, 39 Fla. 224, 22 Sou. 655."

Section 5752, C. G. L., *supra*, is a statute relating to the mode of procedure and to the extent and character of the judgments of Courts of Chancery in foreclosure proceedings. By that statute Courts of Chancery are given power to rescind, vacate and set aside decrees of foreclosure *at any time before actual foreclosure sale and even to dismiss the foreclosure proceeding after the entry of such final decree of foreclosure upon payment of the costs.*

Under Section 5752, C. G. L., *supra*, the Circuit Court in this case did on February 6, 1928, upon petition of the City of Fort Lauderdale, rescind and vacate its decree of foreclosure, insofar as it had ordered and authorized the sale under foreclosure then being advertised by the Special Master. By such order, the Chancellor not only stayed

such sale and *all proceedings* until further order of the court, but granted leave to one of the defendants to file an amended answer.

This was in contemplation of the foregoing cited section of the statutes, a decree rescinding, vacating and setting aside the decree of foreclosure until further order of the Court although referred to as a stay order. By further order of the court thereafter, the Chancellor might have reinstated and re-entered the final decree as of a subsequent date, or might have thereafter dismissed the suit entirely, as authorized by the statute.

The record fails to show that either course was taken, and so far as appears from the record now before the Court, the final decree of foreclosure stands at this time, rescinded, vacated and set aside by the order of February 6, 1928, until further order of the Chancellor, with leave to amend the answer of one of the defendants.

If the money decree of July 19, 1928, for $97,321.35 against the appellant is regarded as a true deficiency decree under Equity Rule 89, as it seems to have been regarded by the Chancellor, it was entered without authority, because a *deficiency* decree without a decree of foreclosure upon which to base it, would be unauthorized. Etter v. State Bank of Florida, 76 Fla. 203, 79 Sou. 724; Atlantic Shores Corp. v. Zetterlund, decided at the present term; Jones on Mortgages (18th Ed.), Vol. 3, Sec. 2206, page 717.

On the other hand, if the money decree of July 19, 1928, be itself regarded as a final decree in the nature of a judgment for the debt by way of substituted relief for foreclosure, in view of the facts transpiring *pendente lite* rendering an ordinary decree of foreclosure and sale fruitless, then such decree appears unauthorized, because if the final decree of foreclosure had previously been rescinded, vacated and set aside, there is left no basis for this kind of a final decree in substitution of a decree of foreclosure,

nor could there be such basis, without some form of pleading and prayer, to sustain the making of a money decree to stand in lieu of a foreclosure decree.

As has been pointed out, a court may have jurisdiction of the subject matter and the parties to a cause, and still be without authority to enter in that cause a particular kind of decree which would be wholly unauthorized.

For example, it would hardly be argued that because jurisdiction had been legally acquired by a chancery court through the filing of a proper bill for foreclosure, and appearance of the parties, *that this fact alone* would support a common law judgment for the amount of the mortgage debt in lieu of a decree of foreclosure, with no attempt to decree foreclosure of the mortgage.

On the contrary, a decree of the chancery court in a case such as has just been mentioned, entering an ordinary money judgment against the defendant for the amount of the debt, in lieu of a decree of foreclosure, would be so far in derogation of the defendant's constitutional right of trial by jury, and the constitutional jurisdiction of common law courts over such matters as to be entirely without authority and subject to being vacated on motion at any time, since a form of decree wholly unauthorized by law is not such a final decree as will exhaust the powers of the court to enter a legal decree at any time. This conclusion is fully supported by the holdings of this court, particularly the case of Mabson vs. Christ, 96 Fla. 756, 119 Sou. Rep. 131 and Johnson v. McKinnon, *supra.* See also 10 R. C. L. sec. 351 and cases cited. Also seventh headnote Sawyer vs. Gustason, 96 Fla. 6, 118 Sou. Rep. 57; Kroier vs. Kroier, 95 Fla. 865; 116 Sou. Rep. 753.

But the money decree which was entered in this case on July 19, 1928, is entitled "DEFICIENCY DECREE". It was evidently so understood and intended by the chancellor who entered it under that designation and in that form. A *deficiency* decree has been defined by this Court

as one for the balance of the indebtedness after applying the proceeds of the sale of the mortgaged property to such indebtedness. Commercial Bank v. First National Bank, 80 Fla. 685, 87 Sou. Rep. 315.

In Webber v. Blanc, 39 Fla. 224, 22 Sou. Rep. 655, it was recognized that the power of chancery courts to enter deficiency decrees in mortgage foreclosure cases was one which depended upon a statute, or a rule of court authorized by statute, and was not an inherent equity power exercised by the court. In that case it was said that no decree in chancery for a deficiency, could be entered without a statute or rule of court authorizing it, unless the debt, without a mortgage to be foreclosed for it, is such that a court of chancery would have jurisdiction of it, and could render a decree to enforce it, independent of the foreclosure.

In Etter vs. State Bank, *supra*, it was pointed out by MR. JUSTICE ELLIS, of this Court, that deficiency decrees and the jurisdiction to enter them, were not inherent in equity courts, merely because equity courts had jurisdiction of the foreclosure, but were authorized by statute or rule of court, in order that the complainant in the foreclosure, who might be entitled to a money judgment for the balance due him after this foreclosure, might not be compelled to have two suits for his single demand, one legal and the other equitable, in order to obtain full relief on his mortgage debt.

In City Bank of Portgage v. Plank, et al., 141 Wis. 653, 124 N. W. 1000, 18 Ann. Cas. 869, it was said by the Supreme Court of Wisconsin:

"The order for deficiency judgment is so dependent on, and merely ancillary to, the foreclosure and sale that it would be absurd left standing alone."

And in Mabson v. Christ, 96 Fla. 756, 119 Sou. Rep. 131, this Court held that the appropriate place to provide the deficiency judgment, if one is desired and granted, is

in the final decree, and that such relief should be applied for and obtained before the expiration of the time within which final decrees may be opened on motion, or a rehearing granted under the rules and statutes.

In this case the final decree of foreclosure was entered January 6, 1928. The master advertised the property to be sold under it on February 6, 1928. On that date, however, before the sale could be made, the Court entered a decree by which it did two things: (1) stayed the sale and *all further proceedings* until further order of the court; (2) re-opened the pleadings by granting permission to the defendant, City of Fort Lauderdale, to file an amendment to its answer in the case.

It was not until July 19, 1928, more than six months after the date of the entry of the final decree of foreclosure on January 6, 1928, that the "deficiency" decree was entered.

We are of the opinion, that under the statutes of this State the Court had authority on February 6, 1928, to rescind, vacate and set aside its final decree of foreclosure which had been entered January 6, 1928. See Section 5752 C. G. L., *supra*.

We are likewise of the opinion that when the court ordered that the foreclosure sale to be stayed until further order of the court, and that the defendant City of Fort Lauderdale be allowed to file an amendment to its answer in the cause, that such an order is in legal effect under Section 5752, C. G. L., *supra,* an order "rescinding, vacating and setting aside" the final decree of foreclosure until further order of the court, and that on July 19, 1928, the date the "deficiency" decree was entered for $97,280.77 damages and $40.58 costs—a total of $97,321.35,—that there was no final decree of foreclosure, or any other final decree in the record, upon which the Chancellor could base such a "deficiency" decree.

*Deficiency* decrees in this State are, as has been pointed

out before, creatures of statutes or rules of court conferring authority on chancery courts to enter them.

Our statutes on the subject do not contemplate that deficiency decrees can be entered in foreclosure cases where there is no final decree of foreclosure or equivalent decree, or where such final decree of foreclosure has been entered but has been rescinded, vacated or set aside by order of the chancellor under statutory authority so to do. See Jones on Mortgages (8th Ed.), Vol. 3, Sec. 2206, page 717.

Therefore the attempted entry of a ''deficiency'' decree against the appellant on July 19, 1928, after the final decree of foreclosure had been set aside, and while the cause was still pending with the final decree of foreclosure stayed, and the cause re-opened for the filing of an amended answer by one of the defendants, was not only erroneous, but wholly unauthorized.

This being so, the fact that more than six months had elapsed after its entry before appellant moved to vacate it and set it aside, did not affect the jurisdiction of the chancellor to revoke his unauthorized action in entering a deficiency decree which he had no right to enter, and the motion of appellant should accordingly have been granted and such deficiency decree vacated and set aside as prayed. Mabson vs. Christ, supra.

If the court had jurisdiction of the parties and of the subject matter, and also had *authority* to enter the deficiency decree, even though the proceedings upon which it was entered were erroneous, the deficiency decree would not be void. Malone v. Meres, 91 Fla. 709, 109 Sou. Rep. 677; Kroier vs. Kroier, 95 Fla. 865, 116 Sou. Rep. 753. But as has been pointed out, the court did not have authority to enter a deficiency decree while the final decree of foreclosure stood rescinded, vacated and set aside under Section 5752, C. G. L. Chapter 11881, Acts of 1927, and while the pleadings stood re-opened for the filing of an

amendment to the answer proposed by one of the defendants.

But it is a general rule that a court of equity having obtained jurisdiction to foreclose a mortgage, may proceed to give a personal judgment on the indebtedness, after the foreclosure has become impossible, the property having become exhausted by a prior mortgage. It may in such case even establish legal rights and grant legal remedies. Edwards v. Meyer, 100 Fla. 235, 130 Sou. Rep. 57; Hayden v. Snow, 14 Fed. 70; Drury v. Hayden, 111 U. S. 223, 4 Sup. Ct. 405; 28 L. Ed. 408; Beecher v. Lewis, 84 Va. 630, 6 S. E. 367; Walters v. Farmers Bank, 76 Va. 12; Parker v. Dee, 2 Ch. Cas. 200; 22 Eng. Rep. (Full Reprint) 910; 3 Jones on Mortgages (8th Ed.), Sec. 2210, page 726.

But such power of the chancery court to grant a new right and impose a new duty legal in its nature, such as would be involved in a money judgment against the defendant for the mortgage debt, after the mortgage foreclosure fails because of the exhaustion of the mortgaged property *pendente lite* under a superior right or lien, is such as ought to be invoked by an appropriate pleading warranting such relief and the defendant should be accorded the right to defend against the same on equitable principles by appropriate pleading in reply, before the substituted relief is granted. The case of Edwards vs. Meyer, 100 Fla. 235, 130 Sou. Rep. 57, relied on by appellees, does not hold to the contrary as to the necessity of some appropriate pleading, whether it be termed a motion or otherwise, to invoke such powers of a chancery court to enter money decrees as a substitute for other equitable relief which was prayed for, but has become unavailing. For the equitable principles controlling the entry of money decrees generally in equity cases, see Atlantic Shores Corp. v. Zetterlund, decided at the present term.

It follows from what has been said, that the appellant must prevail in his appeal, and that the order denying

his motion to vacate and set aside the deficiency decree entered against him, must be reversed with directions to grant the motion and set aside the deficiency decree. Complainants in the court below should be granted leave either to dismiss their foreclosure proceeding without prejudice to the right to sue at law on the legal demand involved, or to file such further pleadings in the cause as may be appropriate to obtain the relief to which they may be entitled under the circumstances of the case. Defendant should likewise be permitted to file such answer thereto as may be proper and authorized by chancery practice in such cases, and an appropriate decree made thereon as the equities may require, should complainants elect to proceed in equity.

Reversed and remanded with directions.

BUFORD, C.J., AND WHITFIELD, ELLIS AND BROWN, J.J., concur.

TERRELL, J., not participating.

BROWN, J., concurring:—I am inclined to the view that, under the doctrine enunciated in Gentry-Futch Co. vs. Gentry, 90 Fla. 595, 106 So. 473, all the equitable grounds of the suit had been eliminated, and that the chancery court was without jurisdiction to go further and render a money judgment, thus depriving defendant of his right to trial by jury. The facts in the case of Edwards vs. Meyer, above cited were peculiar and very different from the facts here.

ON PETITION FOR REHEARING.

PER CURIAM.—In this case a petition, and supplemental petition, for rehearing point out an error in the statement of facts as set forth by the Court in the original opinion.

The original opinion should have stated that the order setting aside the final decree of foreclosure was entered January 6, 1928, and that the order allowing the defendant City of Fort Lauderdale, to file an amendment to its

answer was entered on April 3, 1928, instead of February 6, 1928. Both the orders referred to appeared together at the same place in the transcript. For this reason the Court overlooked the fact that these orders did not bear the same date, but were dated about two months apart. This fact that the orders referred to bear different dates, however, makes no difference in the conclusion which was reached by the Court on the original consideration of the case. It is the court's view that an error in the statement of facts which does not affect the conclusion, can be corrected without the necessity of granting a rehearing. The practice of making such corrections without the formality of granting a rehearing has been heretofore followed in this jurisdiction. See Holder v. West Florida Development & Inv. Co., 103 Fla. 487, 137 Sou. Rep. 271. It has also been followed by the Supreme Court of the United States in the recent case of American Surety Co. of New York v. Greek Catholic Union, opinion filed February 15, 1931, rehearing denied March 14, 1931.

The other points suggested by the petition for rehearing have had the careful consideration of the Court, and after consideration of same the Court adheres to its original opinion. The stay order entered by the Court was sufficient by itself under Section 5752 C. G. L., to rescind and vacate the decree of foreclosure so as to require a re-entry of the same before further proceedings could be had leading up to its execution.

It is therefore ordered that the original opinion in this cause be amended so as to show that the stay order referred to therein was entered on February 6, 1928, while the order allowing the defendant City of Fort Lauderdale, to file amendment to its answer was entered some two months later on April 3, 1928, instead of on the same date that the stay order was ordered. It is further ordered that the petition for rehearing be denied and that the cause

stand reversed and remanded for further proceedings in accordance with the original opinion.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.