F. G. McINTOSH, as Liquidator of the Hawthorn State Bank, *Appellant,* v. J. C. WAITS, and wife, CAROLINE WAITS, *Appellees.*

148 So. 519.

Division A.

Opinion filed May 13, 1933.

*Baxter & Clayton* and *W. B. Watson, Jr.,* for Appellant; *Herbert Lamson,* for Appellee.

Davis, C. J. — The Chancellor dismissed on its merits complainant's bill seeking foreclosure of a mortgage against the appellee, Wilson & Toomer Fertilizer Company, mortgagor's judgment creditor who held a sheriff's deed to the mortgaged land. This appeal is from the final decree.

The issue made by the bill and Wilson & Toomer Fertilizer Company's answer, was whether or not at the time appellee's judgment against the mortgagor, J. C. Waits, was recovered in August, 1922, which was prior to the date of appellant's mortgage given in December, 1933, the mortgaged land was then the homestead of the mortgagor and consequently exempt from the judgment lien.

The appellant, as liquidator of the bank by which the mortgage was taken, contends that from 1920 to and beyond the date of its mortgage, the land mortgaged was actually occupied and used by the mortgagor, J. C. Waits, as his lawful homestead under Article X of the Constitution of Florida. The negative of this proposition is set forth in Wilson & Toomer Fertilizer Company's answer. Testimony

was taken on the subject but the evidence, as is usual in such cases, was conflicting. The Chancellor found for the answering defendant, Wilson & Toomer Fertilizer Company which had levied upon and sold the mortgaged property under its prior judgment, and it is this finding which we are asked to reverse.

In a mortgage foreclosure case brought against the mortgagor and another who has acquired the legal title under execution sale against the mortgaged property prior to the foreclosure suit, the Chancery court having jurisdiction over the person of the mortgagor may give judgment as at law against him for the amount of the mortgage debt established, though foreclosure be denied as against the judgment creditor of the mortgage on account of a superior equity on the latter's part. But retention of the bill for purpose of entering a money judgment against the mortgagor on the mortgage debt is within the judicial discretion of the Chancellor who may decline to do so when he deems it more just to remit the complainant to his suit at law for recovery of the mortgage debt, when it is found that the mortgage itself cannot be foreclosed against the mortgagor because of another's having acquired a superior legal title to the mortgaged land.

In any foreclosure case to which the mortgagor is made a party though before the foreclosure suit he has parted with the legal title to the mortgaged property, there is sufficient equity jurisdiction to warrant the granting of a money judgment against the mortgagor for the amount of the mortgaged debt, by way of substituting relief for a decree of foreclosure which cannot otherwise be made effective because of some superior equity asserted by a third party as to whom the foreclosure bill is dismissed, but the exercise of such power to enter a money judgment is in the nature of a proceeding for a deficiency decree after

foreclosure of the mortgage, and is subject to the same equitable considerations. For the procedure prerequisites to obtain a judgment for a mortgage debt by way of substituted relief for foreclosure see Grace v. Hendricks, 103 Fla. 1158, 140 Sou. Rep. 790.

A decree *pro confesso* entered against the mortgagor in a foreclosure suit is binding on them alone as an admission of the truth of the allegations of the foreclosure bill and does not preclude a joint defendant claiming title to the mortgaged property under a superior lien asserted against the mortgagors from challenging in any appropriate way the truth of any allegation of the bill, even though the decree *pro confesso* has such allegations insofar as mortgagors are concerned.

Finding the decree supported by the evidence, and that no error of procedure has occurred, the same ought to be affirmed, and it is so ordered.

Affirmed.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN, J. J., concur in the opinion and judgment.