. POLEN, Judge.
In this case the appellee, Chase Bank, foreclosed on a mortgage which it held on a condominium unit. Final judgment of foreclosure was entered on January 6, 1988. Chase then bought the unit at the foreclosure sale. Almost simultaneously, the No. 3 Condominium Association had filed its action to foreclose on a lien which it held on the same unit. Though the No. 3 Condominium Association was a junior lien- or to Chase, the association was not named by Chase in its complaint for foreclosure. Likewise, Chase was not named as a party to the foreclosure action by the No. 3 Condominium Association. The association successfully foreclosed on the unit, obtaining their final judgment of foreclosure on January 25, 1988. The appellant then purchased the unit at the foreclosure sale for approximately $1500. At that point both the bank and the appellant had certificates of title for the same property.
Shortly after purchasing the unit, the appellant telephoned the appellee and told a representative of the bank that he had taken possession of the property. He also demanded that the bank redeem within ten days. The bank realized that there was a problem and moved to amend its complaint for foreclosure to include both the No. 3 Condominium Association and the appellant. The trial court denied that motion but later granted the bank’s motion for post judgment relief. The bank was allowed to reforeclose its mortgage and, in the final judgment, the court ordered that the appellant be awarded all of his purchase price and expenses incurred in obtaining the unit. The trial court found that, as a matter of equity, it was unfair for the appellant to be able to purchase and hold the property for $1500 in light of the circumstances surrounding the entire case.
The appellant seeks reversal of the final judgment, arguing that the trial court should not have granted relief to the bank. We disagree and find that the trial court properly used its equitable powers in this case.
The first point raised by the appellant is that he was improperly denied standing at the hearing on the bank’s motion for post-judgment relief. We note that the appellant was represented by counsel at that proceeding and at all of the proceedings involving the unit at issue. The appellant was given ample opportunity to object, to assert defenses, make claims and to file this appeal. There is nothing in the record which shows that the appellant was truly denied standing and consequently we find no merit to that argument.
Neither party has totally clean hands in this case. The bank should have served the junior lienor in the first place, and while mistakes do happen, this one is only possibly the product of mere inadvertence or simple excusable neglect. See Fla. R.Civ.P. 1.540. The trial court ruled that the appellant was an innocent purchaser; however, we look suspiciously on the fact that the appellant called the bank with various demands immediately upon taking possession of the premises. It is not usually the case that one can purchase a valuable condominium unit for only $1500 with no strings attached.
The trial court took this case and did what it perceived to be equity. We agree with the trial court’s decision to grant the bank’s motion for post-judgment relief, following C.E. Peters Landscaping v. Gossington, 487 So.2d 319 (Fla. 4th DCA 1986) (particular circumstances of the case determine whether relief under rule 1.540 is *511 appropriate). We also believe that the appellant, having obtained relief which will make him whole, has received equity.
In short, the appellant has failed to overcome the presumption of correctness of the trial court’s rulings and has further failed to demonstrate error in the final judgment. We affirm the final judgment in all respects.
HERSEY, J., concurs.
FARMER, J., concurs in conclusion only.