COBB, Judge.
The issue on this appeal is whether the trial court erred in denying Waleed S. Noba-ni additional attorney’s fees in a subsequent foreclosure action which was brought because Nobani’s predecessor in interest failed to include all junior lien holders as defendants in an original foreclosure action.
Essentially, Nobani contends that his right to recover additional attorney’s fees was “strictly a matter of contract” and thus, the agreements between the parties allowed No-bani to recover all his reasonable costs and expenses.
Additionally, Nobani claims that even though a mortgage foreclosure action is one in equity, the trial court does not possess “unlimited discretion” and since there was no usurious loan, fraud, misconduct or breach by the mortgagee, it was not proper for the lower court to deny Nobani his additional attorney’s fees based on equity principles.
The appellee takes the position that Noba-ni’s motion to substitute parties and motion to file a second amended complaint that added new defendants was not the same as a motion to vacate or set aside the initial summary final judgment of foreclosure.
Pursuant to section 702.07, Florida Statutes (1993), the circuit court has the authority to vacate or set aside any foreclosure judgment at any time prior to sale. Here, the trial court considered and granted two motions filed by Nobani which were in legal effect, orders that vacated the final judgment of foreclosure. Grace v. Hendricks, 103 Fla. 1158, 140 So. 790 (1932) (court order staying foreclosure sale and allowing defendant to amend answer was in legal effect an order vacating the final decree of foreclosure).
We agree with the equitable position expressed by the trial court that Barcelona is not responsible for additional attorney’s fees and costs since Nobani’s predecessor in interest made the mistake of not including all the necessary defendants in the foreclosure action. See Mitrany v. Chase Federal Savings and Loan Association, 590 So.2d 509, 510 (Fla. 4th DCA 1991) (neither party had totally clean hands where the bank should have served the junior lienor in the first place).
Accordingly, the decision of the trial court to deny additional attorney’s fees and costs is affirmed.
AFFIRMED.
DAUKSCH and W. SHARP, JJ., concur.